**L. J. FLOWERS, Individually, and d/b/a Flowers Tank Company, Petitioner,**

v.

**STEELCRAFT CORPORATION, Respondent.**

**No. A–11293.**

Supreme Court of Texas.

July 13, 1966.

Rehearing Denied Oct. 5, 1966.

Robinson & Fotheringham, Amarillo, for petitioner.

Sanders, Scott, Saunders, Brian & Humphrey, Robert H. Smith, Amarillo, for respondent.

POPE, Justice.

Plaintiff, L. J. Flowers, doing business as Flowers Tank Company, sued Steelcraft Corporation, a Texas corporation, for labor and personal services performed in the erection of three storage tanks in Granada, Colorado. The trial court sustained defendant's plea in abatement and dismissed plaintiff's suit. The plea asserted that defendant was not liable in the capacity in which it was sued because the plaintiff sued Steelcraft Corporation, a Texas corporation, when it should have sued Steelcraft Corporation, a Colorado corporation. The Court of Civil Appeals affirmed the trial court's judgment. 398 S.W.2d 796. We reverse the judgments below and remand the cause to the trial court with instructions to reinstate the cause upon the docket.

■ Defendant's plea in abatement was that plaintiff Flowers sued the wrong one of two existing corporations that had identical names. The Court of Civil Appeals correctly held that this is not a case of mere misnomer of a corporation that plaintiff intended to sue. Abilene Independent Telephone & Telegraph Co. v. Williams, 111 Tex. 102, 229 S.W. 847 (1921). This case presents a problem of identity of corporations. Defendant had the burden to prove the allegations in its plea in abatement. 3 McDonald, Texas Civil Practice, § 10.13. We hold that it failed to discharge that burden and that there is no evidence that plaintiff Flowers sued the wrong corporation.

■ Defendant called two witnesses, W. F. Dodd and plaintiff Flowers. Dodd testified that there were two corporations, Steelcraft Corporation, a Texas corporation, and Steelcraft Corporation, a Colorado corporation. He testified that he lived in Amarillo, Texas, that the Texas corporation had its headquarters in Ama-

rillo, Texas, and that he was vice-president of that corporation. The Colorado corporation was headquartered at Lamar, Colorado and Dodd was president of that corporation. He testified ambiguously that the Texas corporation had nothing to do "directly" with entering into a contract with Flowers and that a man by the name of Taylor was the agent for service in Colorado for the Colorado corporation. On cross-examination Dodd testified that on April 12, 1963, he accepted plaintiff Flowers' bid to erect the storage tanks by sending this telegram from Amarillo, Texas, to Flowers at his place of business in New Harmony, Indiana:

> "Confirming acceptance of your submittal letter for tank erection which includes unloading and transportation charges. Steelcraft Corp-Willard Dodd."

That was the contract Flowers sued upon. Dodd testified that he did not tell Flowers then or at any time later that the agreement was with the Colorado corporation. When Flowers entered into the contract, he did not know about any corporation except Steelcraft Corporation, the Texas corporation. After Dodd sent the confirmation telegram from the Amarillo office of Steelcraft Corporation, that same office sent Flowers a purchase order. The purchase order showed that it came from "Purchasing Department of Steelcraft Corporation, Box 3499, Amarillo, Texas." It was signed "Steelcraft Corp., Purchasing Agent, Per Mark A. Taylor." Taylor was vice-president of the Colorado corporation and was not an officer of the Texas corporation, facts which were not disclosed to Flowers.

Flowers erected the tanks and then billed Steelcraft Corporation in Amarillo, Texas. On June 6, 1963, Taylor sent Flowers a letter complaining about the quality of the work and signed it "Steelcraft of Colorado, Mark A. Taylor, Vice President." Flowers' contract to erect the tanks was made with "Steelcraft Corporation" not "Steelcraft of Colorado," even under defendant's contention. This unilateral document sent after the parties had made their contract, and after a dispute arose about the quality of the performance, is the first and only indication to Flowers of another corporation. The post-contract letter from "Steelcraft of Colorado" was no proof that Flowers made his contract with "Steelcraft Corporation," a Colorado corporation. West v. Johnson, 129 S.W.2d 811 (Tex. Civ.App. 1939, writ ref.).

On February 2, 1964, plaintiff's attorney made further demand for payment by addressing a letter to Steelcraft Corporation, Box 3499, Amarillo. Dodd returned the letter after writing this note on the bottom of the letter. "We are running a detailed report for the costs involved at X-Y Ranch, Granada, Colorado. This will be forwarded to you immediately when completed. Willard Dodd." Other documents and long distance phone calls were exchanged by Flowers and the Amarillo office of Steelcraft Corporation. All of the transactions were with that office and Dodd's only explanation was that he was forwarding the documents to the Colorado corporation. He said that he sent the original acceptance telegram because Taylor phoned him from Colorado and specially instructed him to do so. Those facts were never disclosed to Flowers.

Defendant proved the existence of two corporations but failed to prove that Flowers did not contract with the Texas corporation. There was no evidence that Flowers' contract was with the Colorado corporation. The judgments of the courts below are reversed and this cause is remanded to the trial court with instructions to reinstate the cause upon the docket.