NUMBER 13-07-140-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


IN RE: RAMON AYALA, INDIVIDUALLY AND 


D/B/A LOS BRAVOS DEL NORTE


 




On appeal from the County Court at Law No. 4 


of Nueces County, Texas.


 


MEMORANDUM OPINION



Before Justices Yañez, Benavides, and Vela


Memorandum Opinion by Justice Yañez


 

 In this original proceeding, relator, Ramon Ayala, individually and d/b/a Los Bravos
del Norte ("Ayala"), seeks a writ of mandamus requiring the trial court (1) to withdraw its order
denying Ayala's plea in abatement based on dominant jurisdiction. We conditionally grant
the writ as specified herein. 

I. Background


 On November 8, 2006, Ramon Ayala brought suit against Freddie Records, Inc. and
Freddie Martinez, individually and d/b/a Freddie Records (collectively "Freddie"), jointly and
severally, in Cause No. C-2660-06-A in the 92nd Judicial District Court of Hidalgo County,
Texas. Ayala sought a declaratory judgment finding that his recording obligations under
a contract of July 31, 1990, and a recording agreement of January 4, 1994, (2) had
terminated. Several attempts at service in the Hidalgo County action were unsuccessful. 
 Ayala filed a second amended petition on January 11, 2007, which includes his d/b/a as
Los Bravos del Norte and includes breach of contract and other causes of action. Freddie
was finally served with this lawsuit on January 18, 2007.

 On November 21, 2006, Freddie Martinez, individually and as Freddie Records, Inc.,
filed suit against Ramon Ayala, Individually and d/b/a Los Bravos Del Norte, in Cause No.
06-62635-4 in County Court at Law Number 4 of Nueces County, Texas. In this suit,
Martinez alleged that Ayala breached the January 4, 1994, contract "by failing to record the
required number of albums and by failing to record the albums in a timely manner as
provided in the contract."

 Ayala filed a plea in abatement in the Nueces County suit on December 18, 2006,
based on the pendency of the Hidalgo County suit involving the same parties and contract. 
According to the plea:

 Defendant alleges that there is currently pending in the Court of Hidalgo
County, Texas, an action styled Ramon Ayala, Individually and d/b/a Los
Bravos Del Norte v. Freddie Records, Inc. and Freddie Martinez, Individually,
and d/b/a Freddie Records, jointly and severally, under Cause No. C-2660-06-A, which is an action between the same parties who are the plaintiff and
defendant in this action. Defendant further alleges that the claim asserted
and the relief requested in that pending case, Cause No. C-2660-06-A, are
inherently interrelated with the claim asserted and the relief requested in this
proceeding for the reason that both proceedings involve a dispute
concerning rights accruing under the contracts between the parties. Further,
the Plaintiff is estopped from bringing this action. The Plaintiff's suit was not
filed in good faith and filed without giving the Defendant the required notice
under their contract . . . A judgment in the Hidalgo County case would
foreclose all issues between the parties. For these reasons, the District
Court of Hidalgo County, Texas, has acquired dominant jurisdiction and the
present proceeding should be abated.


 Following several unsuccessful attempts to serve Freddie with citation in the Hidalgo
County suit, Ayala moved for and received an order allowing substituted service in that
proceeding. According to the Hidalgo County court, Ayala had attempted service with the
"utmost diligence," but Freddie was "evading service."

 On January 12, 2007, the Nueces County trial court held a hearing on the plea in
abatement. On February 6, 2007, the Nueces County trial court denied the plea without
stating a basis for its denial. This original proceeding ensued. This Court requested, and
received a response from the real parties in interest. The Court also ordered the
proceedings below stayed pending further order of the Court. See Tex. R. App. P.
52.10(b).

 On April 24, 2007, Ayala filed an emergency motion to show cause why real parties
in interest should not be "held in contempt of court, for stay of proceedings, for sanctions,
and request for expedited review." According to Ayala's motion, real parties in interest
have now filed a third suit between the parties in Cause No. 07-60924-2 in County Court
at Law No. 2 of Nueces County. This petition and application for injunctive relief filed in
this new cause are based on the same contracts at issue in the instant case and are set
for hearing on April 30, 2007. Ayala thus asks that we stay this third proceeding and order
real parties in interest to show cause why they should not be held in contempt of court.

II. Availability of Mandamus Relief


 Appeal is ordinarily an adequate remedy to review incidental rulings on such matters
as pleas in abatement. See Wyatt v. Shaw Plumbing Co., 760 S.W.2d 245, 248 (Tex.
1988). Therefore, mandamus is generally not available to review the refusal of a trial court
to abate an action based on the pendency of another action unless one of the courts
directly interferes with the other by issuing a conflicting order or injunction. Hall v. Lawlis,
907 S.W.2d 493, 494 (Tex. 1995) (orig. proceeding) ("In the absence of such interference,
the refusal to abate can be adequately reviewed on appeal."); Abor v. Black, 695 S.W.2d
564, 567 (Tex. 1985) (declining to grant mandamus relief directing a court to abate a case
in deference to another court's dominant jurisdiction absent any order which "actively
interferes with the exercise of jurisdiction" by the court with dominant jurisdiction); Curtis
v. Gibbs, 511 S.W.2d 263, 267 (Tex. 1974) ("If the second court . . . attempts to interfere
with the prior action, this court has the power to act by mandamus or other appropriate writ
to settle the conflict of jurisdiction."). (3) 

 An appellate remedy is adequate when any benefits to mandamus review are
outweighed by the detriments, but when the benefits outweigh the detriments, we must
conduct further analysis. In re Prudential Ins. Co. of Am., 148 S.W.3d 124, 135-36 (Tex.
2004) (orig. proceeding). Whether an appellate remedy is adequate so as to preclude
mandamus review depends heavily on the circumstances presented. Id. at 137. 

 This case involves three separate lawsuits, including an application for temporary
injunction, which is set for imminent hearing, regarding inherently interrelated matters. 
Further, as will be discussed herein, the Hidalgo County court has issued an order
pertaining to citation and service of process, which is arguably inconsistent with an
exercise of jurisdiction by the Nueces County court. We conclude that mandamus relief
is appropriate under the foregoing authorities and the factual circumstances at issue
herein. 

III. Analysis


 Generally, if two lawsuits concerning the same controversy and parties are pending
in courts of coordinate jurisdiction, the court in which suit was first filed acquires dominant
jurisdiction. Wyatt, 760 S.W.2d at 248; Curtis, 511 S.W.2d at 267. If a party calls the
second court's attention to the pendency of the first suit by a plea in abatement, that court
must sustain the plea. Curtis, 511 S.W.2d at 267. Abatement of a lawsuit due to the
pendency of a previous lawsuit is based on the principles of comity, convenience, and the
necessity for an orderly procedure in the trial of contested issues. Wyatt, 760 S.W.2d at
248. 

 Dominant jurisdiction requires "an inherent interrelation of the subject matter" in the
two suits before a plea in abatement must be granted in the second action. Id. It is not
required that the exact issues and all the parties be included in the first action before the
second is filed, provided that the claim in the first suit may be amended to bring in all
necessary and proper parties and issues. Id. at 247. In determining whether an inherent
interrelationship exists, courts should be guided by the rule governing persons to be joined
if feasible and the compulsory counterclaim rule. Id. 

 Three exceptions exist to the general rule requiring abatement of the second suit:
(1) a party's conduct may estop him from asserting dominant jurisdiction in another court;
(2) the first court may lack power to join parties to be joined if feasible; or (3) the party filing
the first suit lacks the intent to prosecute it. Id. at 248. If the second court determines that
one of the exceptions applies, it may assume dominant jurisdiction and proceed to
judgment. Hartley v. Coker, 843 S.W.2d 743, 747 (Tex. App.-Corpus Christi 1992, no
writ).

 The party bringing the plea in abatement must show that (1) the other suit
commenced first; (2) the suit is still pending; (3) the same parties are involved; and (4) the
controversies are the same. See S. County Mut. Ins. Co. v. Ochoa, 19 S.W.3d 452, 468
(Tex. App.-Corpus Christi 2000, no pet.) (op. on reh'g). The movant has the burden of
proof to establish the allegations in his motion to abate. Flowers v. Steelcraft Corp., 406
S.W.2d 199, 199 (Tex. 1966); S. County Mut. Ins. Co., 19 S.W.3d at 469.

 We review the trial court's action in granting or denying a plea in abatement using
an abuse of discretion standard. Wyatt, 760 S.W.2d at 248; Davis v. Guerrero, 64 S.W.3d
685, 691 (Tex. App.-Austin 2002, no pet.); S. County Mut. Ins. Co., 19 S.W.3d at 468. 
The trial court abuses its discretion when it acts in an unreasonable and arbitrary manner,
or without reference to any guiding rules or principles. See Downer v. Aquamarine
Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985).

IV. Lack of Intent to Prosecute


 Real parties in interest contend that the trial court did not abuse its discretion in
denying the plea in abatement because Ayala was not diligent in prosecuting the Hidalgo
County action. 

 A plea in abatement is properly overruled where the party asserting dominant
jurisdiction shows its lack of intent to prosecute the first lawsuit by an unreasonable delay
in procuring a citation. Curtis, 511 S.W.2d at 267; Reed v. Reed, 158 Tex. 298, 311
S.W.2d 628 (1958); McAlister v. McAlister, 75 S.W.3d 481, 485-486 (Tex. App.-San
Antonio 2002, pet. denied). The required standard of diligence in procuring citation and
service is "that diligence to procure service which an ordinarily prudent person would have
used under the same or similar circumstances." Gonzalez v. Phoenix Frozen Foods, Inc.,
884 S.W.2d 587, 590 (Tex. App.-Corpus Christi 1994, no writ); see McAlister, 75 S.W.3d
at 486. The existence of diligence is generally a question of fact, but if no excuse is
offered for a long delay, or if the time lapses and the plaintiff's acts conclusively negate
diligence, a lack of diligence will be found as a matter of law. Gonzalez, 884 S.W.2d at
590. Courts have consistently held that unexplained delays of five and six months in
procuring issuance and service of citation constitute a lack of due diligence as a matter of
law. See S. County Mut. Ins. Co., 19 S.W.3d at 462 (collecting cases). In contrast, a delay
of twenty-six days will not, as a matter of law, show a lack of diligence. See Curtis, 511
S.W.2d at 268. 

 In the present case, the Hidalgo County action was filed on November 8, 2006. The
owner of the process-serving company that Ayala retained to serve Freddie testified that
she was requested to serve process quickly. The record reflects frequent and varied
attempts to serve Freddie in various locations. The individual process server who
attempted service testified to repeated attempts to serve Freddie at multiple locations
throughout the days of December 1, 2006, December 5, 2006 or December 6, 2006,
December 16, 2006, and January 3, 2007. Additionally, the process servers called Freddie
almost daily with a request to return their calls. Upon attempting service at Freddie's
business location, the server saw that the business was closed and locked, and he was
told that Freddie was out of the country. 

 On January 11, 2007, Ayala filed a motion for substituted service, which was
granted that same day. The Hidalgo County court found that "citation was immediately
requested by the Plaintiff and issued by the Clerk, and that service has been attempted
with the utmost diligence by delivery to the Defendants in person, pursuant to the Texas
Rules of Civil Procedure, but that such attempted service has not been successful and the
Defendants are evading service." Freddie was thus served by virtue of such court order
on January 18, 2007. 

 We conclude that Ayala used due diligence in serving the real parties in interest. 
The real parties in interest were served seventy-one days after suit was filed. This length
of time is not so great as to indicate a lack of due diligence as a matter of law. See S.
County Mut. Ins. Co., 19 S.W.3d at 462; Curtis, 511 S.W.2d at 268. Further, the record
evidence indicates repeated, varied, and consistent attempts to serve real parties in
interest. 

 Most significantly, however, the Hidalgo County court order granting substitute
service contains a finding that Freddie attempted to evade service of process in the
Hidalgo County suit. This order is supported by the evidence currently before the Court. 
Under these circumstances, any delay in procuring citation and service would be
attributable to Freddie, and is not illustrative of a lack of due diligence on the part of Ayala. (4) 


V. Venue


 Real parties in interest contend that the trial court did not err in denying Ayala's plea
in abatement because Hidalgo County is not a proper venue for this action. The concept
of dominant jurisdiction applies only in circumstances where a suit would be proper in more
than one county. Gonzalez v. Reliant Energy, Inc., 159 S.W.3d 615, 622 (Tex. 2005);
Fleming v. Ahumada, 193 S.W.3d 704, 710 (Tex. App.-Corpus Christi 2006, no pet.); see
also Gordon v. Jones, 196 S.W.3d 376, 382 (Tex. App.-Houston [1st Dist.] 2006, no pet.)
(distinguishing the concepts of dominant jurisdiction and venue). Real parties thus contend
that the issue of dominant jurisdiction is inapplicable.

 We reject this contention. "As long as the forum is a proper one, it is the plaintiff's
privilege to choose the forum." Gonzalez, 159 S.W.3d at 622. 

 Under the Legislature's general venue scheme, "except as otherwise provided," all
lawsuits shall be brought: (1) in the county in which all or a substantial part of the events
or omissions giving rise to the claim occurred; (2) in the county of the defendant's
residence at the time the cause of action accrued if the defendant is a natural person; (3)
in the county of the defendant's principal office in this state, if the defendant is not a natural
person; or (4) if the foregoing provisions do not apply, in the county in which the plaintiff
resided at the time of the accrual of the cause of action. Tex. Civ. Prac. & Rem. Code Ann.
§ 15.002(a) (Vernon 2002); Am. Home Prods. Corp. v. Clark, 38 S.W.3d 92, 94 (Tex.
2000). Under section 15.038 of the Texas Civil Practice and Remedies Code, "Other
Permissive Venue," an action governed by any other statute prescribing permissive venue
may be brought in the county allowed by that statute. Tex. Civ. Prac. & Rem. Code Ann.
§ 15.038 (Vernon 2002). 

 Ayala resides in Hidalgo County and real parties in interest reside, for purposes of
venue, in Nueces County. Ayala testified that the contract was negotiated, at least in part,
in Hidalgo County. The contract between the parties provides that the albums at issue
were to be recorded in Corpus Christi, Nueces County; however, Ayala testified that the
parties had agreed, after the contract was executed, that the albums would be recorded
in Hidalgo County. The albums, since 2002, were in fact recorded in Hidalgo County. The
contract further provides for the dismissal of four lawsuits pending between the parties: 
two in Nueces County and two in Hidalgo County. Real parties in interest traveled from
Nueces County to Hidalgo County to pick up Ayala's audiotapes, deliver songs for Ayala
to record, and make payments to Ayala. 

 Based on the foregoing, we conclude that suit would be proper in more than one
county, and, accordingly, the doctrine of dominant jurisdiction applies to the instant case. 
We would note that our holding on this issue is limited in scope. That is, our review of the
venue facts herein is pertinent only to the applicability of the doctrine of dominant
jurisdiction in an original proceeding, rather than an appellate review of a motion to transfer
venue. 

VI. Anticipatory Breach


 Real parties in interest further argue that the trial court did not abuse its discretion
in denying the plea in abatement because a November 16, 2006 letter sent to Freddy by
Ayala constituted an anticipatory breach of the contract between the parties. This letter
provides, in part:

 I represent Ramon Ayala with respect to his January 14, 1994 recording
contract with Freddie Records. Pursuant to ¶ 14 of the agreement, this is
your notice that Freddie Records has breached the agreement . . .


 Demand is made that you comply with the recording contract forthwith and
provide us with copies of all documents which substantiate the information
in any royalty calculation or reports . . .


 Finally, please confirm by the close of business on November 22, 2006, that
Ramon is free of any further obligations to record albums for you under the
agreement . . . .


Paragraph fourteen of the contract at issue provides that: "[n]o failure by Freddie or Ayala
to perform any of their obligations hereunder shall be deemed a material breach of this
agreement until one party has given the other written notice of such breach and such
breach has not been corrected within forty-five (45) days after the giving of such notice." (5)

 According to real parties in interest, this letter indicates that Ayala was repudiating
the contract and considered himself to be free of any and all obligations to Freddie
Records. Real parties argue that this alleged anticipatory breach gave real parties in
interest the right to file suit in Nueces County. 

 An anticipatory breach occurs when a party absolutely repudiates the obligation,
without just excuse, and the other party is damaged by the repudiation. Barrand, Inc. v.
Whataburger, Inc., 214 S.W.3d 122 (Tex. App.-Corpus Christi 2006, pet. filed). An
anticipatory repudiation of a contract may consist of either words or actions by a party to
a contract that indicates an intention that he is not going to perform the contract according
to its terms in the future. Hauglum v. Durst, 769 S.W.2d 646, 651 (Tex. App.-Corpus
Christi 1989, no writ). It is conduct which evidences a fixed intention to abandon, renounce
and refuse to perform the contract. See id.

 The letter at issue provided the notice required by contract. As an initial matter, we
doubt whether Ayala's request for confirmation that he is relieved from his obligations
under the contract evidences a fixed intention to abandon, renounce and refuse to perform
the contract. See id. More saliently, however, real parties fail to offer argument or
authority to show how any such alleged anticipatory breach of the contract could operate
to divest a court of dominant jurisdiction. See Tex. R. App. P. 38.1(h). 

VII. Conclusion


 We conditionally grant Ayalas' petition for writ of mandamus and direct the trial court
to grant Ayala's plea in abatement. We are confident the court will comply promptly. Our
writ will issue only if it does not. 

 As referenced previously, Ayala has filed an emergency motion to show cause why
real parties in interest should not be held in contempt of court, for stay of proceedings, for
sanctions, and request for expedited review. We grant this motion insofar as it requests
expedited review; however, the motion is, in all other respects, denied. 

 _________________________________

 LINDA REYNA YAÑEZ,

 Justice



Memorandum opinion delivered and filed

this the 27th day of April, 2007.

 
1. The respondent is the Honorable James E. Klager, Judge of County Court at Law No. 4 of Nueces
County, Texas. 
2. The parties variously refer to this contract as having been executed in either 1994 or 1995. This
discrepancy is not material to the resolution of this proceeding.
3. See also In re Swepi, L.P., 85 S.W.3d 800, 809 (Tex. 2002) (finding mandamus relief appropriate
because a probate court transferred a matter to itself without statutory authority and thereby actively interfered
with the district court's jurisdiction over the case); Perry v. Del Rio, 66 S.W.3d 239, 258 (Tex. 2001)
(mandamus relief appropriate when one court actively interfered with the dominant jurisdiction of another court
by setting its case for trial at the same date and time); In re Mendoza, 83 S.W.3d 233, 236 (Tex. App.-Corpus
Christi 2002, orig. proceeding) ("In this case, neither the Hidalgo County court nor the Wharton County court
have refrained from exercising jurisdiction, and they have not prohibited the parties from pursuing their
respective claims. Accordingly, we hold that mandamus is not proper in this case."). 
4. We have considered, but need not address herein, the issue of whether Freddie's conduct in
evading service in the Hidalgo County suit could serve to estop him from asserting that dominant jurisdiction
lies in the Nueces County suit. Cf. Wyatt v. Shaw Plumbing Co., 760 S.W.2d 245, 248 (Tex. 1988) (holding
that a party's conduct may estop him from asserting dominant jurisdiction in another court).
5. Ayala also contends that the Nueces County lawsuit should be abated because real parties in
interest failed to provide written notice of default to Ayala, as required by the contract between the parties,
prior to filing suit in Nueces County. Given our disposition of this matter, we need not address this contention
herein. See Tex. R. App. P. 47.1