THE SUPREME COURT OF TEXAS
 
════════════
No. 
09-0683
════════════
 
Christi Bay Temple, 
Petitioner,
 
v.
 
GuideOne Specialty Mutual Insurance 
Co., et al., Respondents
 
════════════════════════════════════════════════════
On Petition for Review from 
the
Court of Appeals for the 
Thirteenth District of Texas
════════════════════════════════════════════════════
 
 
PER CURIAM
 
            
The issue on appeal is whether a church lacked capacity to sue its 
insurance carrier for breach of contract. The defendant insurance carrier moved 
to abate and later to dismiss the action, arguing that the church lacked 
capacity because it was a non-profit corporation which had lost its charter. The 
court of appeals agreed, affirming the trial court’s judgment dismissing the 
underlying suit. ___ S.W.3d ___. The church maintains, 
however, that it has never operated as a non-profit corporation but rather is an 
unincorporated religious association. Because there is no evidence that the 
church ever functioned as a corporation or otherwise lacked capacity to sue its 
insurance carrier for breach of contract, we reverse the court of appeals’ 
judgment and remand the case to the trial court for further 
proceedings.
            
Christi Bay Temple of Corpus Christi, Texas, is a member church of the 
Pentecostal Church of God. Operating as an unincorporated religious association, 
the trustees of the church acquired title to property for its ministry in 1976. 
This property sustained water damage in 2001. GuideOne 
Specialty Mutual Insurance Company insured the property at the time of the loss. 
Although GuideOne accepted coverage, the church was 
ultimately dissatisfied with the adjustment of its claims and sued for 
additional damages. 
            
GuideOne generally denied that it owed the 
church any more money for its loss. Two and a half years later and shortly 
before trial was to commence, GuideOne amended its 
answer to include a verified plea in abatement challenging the church’s capacity 
to sue. In this plea, GuideOne averred that the church 
was, in fact, a non-profit corporation that had forfeited its charter years earlier and thus lacked capacity to sue or, for that 
matter, even contract for insurance.
            
The trial court apparently agreed, granting the plea in abatement and 
several months later dismissing the church’s lawsuit for want of prosecution 
after the church failed to cure the problem. The court of appeals subsequently 
affirmed finding no abuse of discretion. ___ S.W.3d at 
____.
            
The church complains that the lower courts erred in abating, and 
subsequently dismissing, its action against GuideOne 
because that lawsuit belonged to it rather than to a similarly-named, non-profit 
corporation. This similarly-named corporation was chartered in 1980 and promptly 
forfeited its charter eighteen months later when it failed to file its franchise 
tax report. The church argues that this corporation has no connection to the 
insured property. The church acquired the property four years before the 
creation of the similarly-named corporation, and GuideOne issued the policy almost twenty years after that 
corporation ceased to exist. The church submits that it brought this suit as an 
unincorporated religious association because that is how it has always operated. 
An unincorporated association organized for nonbusiness purposes generally has the legal capacity to sue 
or be sued in its assumed name. Tex. R. 
Civ. P. 28.
            
GuideOne argues, however, that the church 
ceased to exist as an association in 1980 when the non-profit corporation, 
bearing the same name and a similar affiliation with the Pentecostal Church of 
God, was created. GuideOne submits that upon becoming 
a corporation the church lost the capacity to litigate as an unincorporated 
association. Only a party that actually or legally exists may bring a lawsuit. 
See Nootsie, Ltd. 
v. Williamson Cnty. Appraisal Dist., 
925 S.W.2d 659, 661 (Tex. 1996) (noting that a party who lacks the legal 
authority to act lacks capacity); see also Austin Nursing Ctr., Inc. 
v. Lovato, 171 S.W.3d 845, 848 (Tex. 2005) 
(describing capacity as a procedural issue dealing with the personal 
qualifications of a party to litigate).
            
As the party challenging capacity, GuideOne 
bore the burden of proof. Flowers v. Steelcraft Corp., 406 S.W.2d 199, 199 (Tex. 
1966). GuideOne’s proof here rests entirely on 
the articles of incorporation that created the non-profit corporation in 1980 
with a similar name to and same religious affiliation as the church. Beyond 
that, GuideOne presumes that the individuals who filed 
these articles had some connection to the church and intended for the church to 
assume this corporate form. There is no specific proof of this, however, nor is 
there any other evidence to connect this corporation to the present suit or any 
other church activity. 
            
The church maintains that it has always operated as an unincorporated 
religious association, and the record does not suggest otherwise. There is no 
evidence that the church transferred any property or assets to the non-profit or 
conducted any activity or ministry as a non-profit corporation. The record 
reflects only that the church and corporation have similar names. This fact 
alone, however, fails to raise even a suspicion that the church lacked capacity 
to prosecute this case. See Kroger Tex. Ltd. P’ship 
v. Suberu, 216 S.W.3d 788, 793 (Tex. 2006) 
(observing that surmise and suspicion are not evidence).
            
Because there is no evidence that the church lacked capacity, the courts 
below erred in dismissing its claims for want of prosecution. Accordingly, we 
grant the petition for review, and, without hearing oral argument, reverse the 
court of appeals’ judgment and remand the cause to the trial court. Tex. R. App. P. 59.1.
 
 
Opinion Delivered: December 3, 
2010