# NO. 12-12-00183-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *TRUCK INSURANCE EXCHANGE,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

## *MEMORANDUM OPINION*

Relator Truck Insurance Exchange (TIE) seeks mandamus relief from the trial court's denial of its plea in abatement.[1] TIE contends that the 53rd Judicial District Court of Travis County has dominant jurisdiction over the 114th Judicial District Court of Smith County because TIE's suit (the Travis County suit) was the first filed and involves the same parties and subject matter as the Smith County suit. We deny the petition.

## BACKGROUND

Brown Eyed Girl, LLC d/b/a Leigh Oliver's (Oliver's), the real party in interest, creates, markets, and manufactures all natural food products. In late 2008, Oliver's entered into a "co-packer" relationship with Gourmet Resources, LLC, which was owned by Alexandra Weeks. Gourmet was to produce, package, and ship products manufactured by Oliver's. Oliver's soon became dissatisfied with Gourmet's performance, and their relationship continued to deteriorate through 2009. In early 2010, Oliver's terminated their relationship, and Alexandra Weeks d/b/a Gourmet Food Resources, LLC filed for bankruptcy.

As required by its contract with Oliver's, Gourmet had obtained two insurance policies–a business owner's liability policy and an excess liability policy. Both were issued by TIE, and the general liability policy named Oliver's as an additional insured. Oliver's sought, and was granted,

---

[1] The respondent is the Honorable Christi J. Kennedy, Judge of the 114th Judicial District Court, Smith County, Texas.

relief from the automatic stay in Weeks's bankruptcy. The order authorized Oliver's to pursue its claim under the general liability policy and to join "Debtor as a party for insurance policy liability purposes only."

Oliver's sued Gourmet and Weeks for damages resulting from Gourmet's alleged negligence in packaging and shipping Oliver's products and its alleged breach of express and implied warranties.[2] TIE filed an answer on behalf of Gourmet pursuant to a qualified defense under a reservation of rights, but later withdrew its defense. Ultimately, the trial court signed a postanswer default judgment against Gourmet and Weeks awarding Oliver's in excess of $4 million.

On October 18, 2011, TIE filed suit in Travis County seeking a declaratory judgment that no coverage exists under Gourmet's general liability policy for the claims Oliver's alleged against Gourmet. Oliver's was the sole defendant in this suit. Also on October 18, Alexandra Weeks, individually and d/b/a Gourmet Resources, and on behalf of Gourmet Resources, LLC, executed an assignment of "any and all" of their claims against TIE, its insuring agent, and his insurance agency. Oliver's, the only other party to the assignment, executed the document on October 19, 2011–one day after TIE filed suit in Travis County.

Eight days later, before being served with citation in TIE's declaratory judgment action, Oliver's sued Farmers Insurance Group[3] and Jim Boldin, individually and d/b/a Boldin Insurance Agency. TIE filed a plea in abatement in the Smith County suit, alleging that the Travis County suit was filed first and requesting that the Smith County suit be abated. After a hearing, the trial court denied the plea.

## PREREQUISITES TO MANDAMUS

A writ of mandamus will issue if the trial court committed a clear abuse of discretion for which the relator has no adequate remedy at law. *In re Frank Motor Co.*, 361 S.W.3d 628, 630 (Tex. 2012) (orig. proceeding). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable that it amounts to a clear and prejudicial error of law or if it clearly fails to correctly analyze or apply the law. *In re Olshan Found. Repair Co., LLC*, 328 S.W.3d 883, 888 (Tex. 2010) (orig. proceeding). Mandamus is available when a trial court refuses to abate based on the pendency of another action. *In re ExxonMobil Prod. Co.*, 340 S.W.3d 852, 857 (Tex. App.–

---

[2] Oliver's joined Weeks as a defendant alleging that she had caused Gourmet to be dissolved.

[3] It is undisputed that TIE should have been named as the defendant instead of Farmers Insurance Group.

2

San Antonio 2011, orig. proceeding [mand. denied]) (applying *In re Prudential Ins. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding)).

## DOMINANT JURISDICTION

Generally, when cases involving the same subject matter are brought in different courts in which venue would be proper, the court with the first-filed case has dominant jurisdiction and should proceed, and the other case should be abated. *Perry v. Del Rio*, 66 S.W.3d 239, 252 (Tex. 2001); *Wyatt v. Shaw Plumbing Co.*, 760 S.W.2d 245, 248 (Tex. 1988). The proper means of contesting a court's lack of dominant jurisdiction is the filing of a plea in abatement in the court without dominant jurisdiction. *See In re Puig*, 351 S.W.3d 301, 303 (Tex. 2011) (original proceeding) (per curiam). When an inherent interrelation of the subject matter exists in two pending lawsuits, a plea in abatement in the second action must be granted. *Wyatt*, 760 S.W.2d at 247. But it is not required that the exact issues and all the parties be included in the first action before the second is filed, provided that the claim in the first suit may be amended to bring in all necessary and proper parties and issues. *Id*.

## PLEA IN ABATEMENT

It is well established that the party seeking abatement has the burden of establishing the allegations in its plea in abatement by a preponderance of the evidence. *Flowers v. Steelcraft Corp.*, 406 S.W.2d 199, 199 (Tex. 1966); *Bernal v. Garrison*, 818 S.W.2d 79, 82 (Tex. App.–Corpus Christi 1991, writ denied). A plea in abatement is sustainable without proof only when the truth of the matters alleged in the defendant's plea in abatement appears on the face of the plaintiff's pleadings. *Bernal*, 818 S.W.2d at 83. In all other instances, a defendant who merely presents its plea in abatement without offering evidence to prove the grounds urged waives the plea unless it can demonstrate that the plaintiff's petition establishes the grounds urged in the plea. *Id*. Even the verification of a plea does not do away with the requirement that the one urging the plea prove the grounds by a preponderance of the evidence at the time the plea is presented to the court. *Brazos Elec. Power Co-op., Inc. v. Weatherford Indep. Sch. Dist.*, 453 S.W.2d 185, 189 (Tex. Civ. App.–Fort Worth 1970, writ ref'd n.r.e.).

For TIE to have prevailed on its plea in abatement, it had to establish, as it alleged in its plea, that (1) the Travis County suit was filed first; (2) the Travis County suit was still pending; (3) the Travis County suit and the Smith County suit involved the same parties; and (4) the Travis

County suit and the Smith County suit involved the same issues. *See Flowers*, 406 S.W.2d at 199; *Bernal*, 818 S.W.2d at 82.

In its reply to one of Oliver's arguments in this proceeding, TIE implicitly characterizes the hearing on its plea as nonevidentiary. It recognizes that a reporter's record of the hearing is part of the record in this proceeding, but states that "[a] reporter's record of a hearing does not necessarily make the hearing an evidentiary one." TIE also emphasizes that "the plea in abatement did not involve any factual dispute, but was decided on legal issues based on the parties' filings and arguments of counsel." The record supports TIE's implication that the hearing–at least as to TIE– was nonevidentiary.

TIE's presentation to the trial court consisted solely of the arguments of its counsel. TIE provided the trial court with a file-marked copy of its petition in the Travis County suit and of Oliver's petition in the Smith County suit. But neither of these copies was offered or admitted into evidence. *See Flowers*, 406 S.W.2d at 199. Moreover, the allegations in Oliver's petition do not show the truth of the matters alleged in TIE's plea in abatement. *See Bernal*, 818 S.W.2d at 83. And despite TIE's contention that no factual dispute existed, there is no agreed stipulation of facts relieving TIE of its burden to prove the allegations in its plea in abatement by a preponderance of the evidence.

Because there is no evidence in the record pertaining to TIE's plea in abatement, and the allegations in Oliver's petition in the Smith County suit do not aid TIE, the trial court did not abuse its discretion in denying the plea. *See, e.g., De Los Santos v. Johnson*, No. 13-07-00502-CV, 2008 WL 3971455, at *5 (Tex. App.–Corpus Christi Aug. 28, 2008, pet. denied) (mem. op.) (plea in abatement properly denied where no evidence introduced to support it); *Upchurch v. Albear*, 5 S.W.3d 274, 277 (Tex. App.–Amarillo 1999, pet. denied) (same).

### DISPOSITION

Because TIE has not shown that the trial court abused its discretion in denying the plea in abatement, TIE's petition for writ of mandamus is *denied*.

JAMES T. WORTHEN
Chief Justice

Opinion delivered April 24, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**APRIL 24, 2013**

**NO. 12-12-00183-CV**

**TRUCK INSURANCE EXCHANGE,**
Relator
v.
**HON. CHRISTI J. KENNEDY**,
Respondent

### ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by **TRUCK INSURANCE EXCHANGE**, who is the relator in Cause No.11-3019-B, pending on the docket of the 114th Judicial District Court of Smith County, Texas. Said petition for writ of mandamus having been filed herein on May 21, 2012, and the same having been duly considered, because it is the opinion of this Court that a writ of mandamus should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **DENIED**.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*