IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

MAY 1998 SESSION



**FILED**

**May 5, 1999**

**Cecil Crowson, Jr.**
Appellate Court Clerk

STATE OF TENNESSEE,      )
                         )
        Appellee,        )      No. 03C01-9708-CR-00327
                         )
                         )      Sullivan County
v.                       )
                         )      Honorable R. Jerry Beck, Judge
                         )
ROBERT M. SNEED,         )      (Habitual motor vehicle offender)
                         )
        Appellant.       )

For the Appellant:

Robert M. Sneed, <u>Pro</u> <u>Se</u>
1817 Oakwood Drive
Kingsport, TN 37664

For the Appellee:

John Knox Walkup
Attorney General of Tennessee
        and
Todd R. Kelley
Assistant Attorney General of Tennessee
425 Fifth Avenue North
Nashville, TN 37243-0493

H. Greeley Welles, Jr.
District Attorney General
P.O. Box 526
Blountville, TN 37617-0526

OPINION FILED:_____

AFFIRMED

Joseph M. Tipton
Judge

**O P I N I O N**

The defendant, Robert M. Sneed, appeals as of right from the judgment of the Sullivan County Criminal Court declaring him to be a habitual motor vehicle offender, thereby barring him from operating a motor vehicle on the highways of Tennessee. He raises various issues dealing with (1) the sufficiency of the evidence of the predicate convictions, (2) the constitutionality of the convicting, sentencing, and Motor Vehicle Habitual Offender (MVHO) proceedings, particularly regarding due process and double jeopardy, and (3) the failure of the trial court to appoint him counsel for this appeal. We affirm the trial court.

The judgment of the trial court declaring the defendant to be a habitual motor vehicle offender was entered on July 25, 1997. The trial court based this conviction upon the following predicate convictions regarding driving under the influence of an intoxicant (DUI) and driving with a revoked license (DRL):

| OFFENSE | COURT | CONVICTION DATE |
|---------|-------|-----------------|
| DRL | Sullivan County General Sessions Court | March 23, 1995 |
| DUI | Sullivan County Criminal Court | May 10, 1996 |
| DUI | Sullivan County General Sessions Court | October 1, 1996 |

As a starting point, we note certain propositions of law that dispose of many of the defendant's contentions. An MVHO proceeding is civil in nature, not criminal. See Everhart v. State, 563 S.W.2d 795, 797 (Tenn. Crim. App. 1978). It involves revocation of the privilege of driving, not the deprivation of a property right. Id. It is remedial in nature and does not constitute multiple punishment under the Double Jeopardy Clause relative to the prior convictions upon which the proceeding is based. See State v. Conley, 639 S.W.2d 435, 437 (Tenn. 1982); State v. Malady, 952 S.W.2d 440, 442 (Tenn. Crim. App. 1996). Also, the defendant may not collaterally attack

predicate convictions during an MVHO proceeding. See Everhart, 563 S.W.2d at 797-98. Under these principles, any complaint about the constitutional validity of the predicate convictions or of the MVHO process must fail. Similarly, given the civil nature of the proceeding, the defendant has no constitutional right to the appointment of counsel. Likewise, no such statutory right exists.

The remaining issue is whether sufficient predicate convictions existed to justify the defendant being declared a habitual motor vehicle offender. On this point, the defendant asserts that the DUI conviction of May 10, 1996, was not final because it was on appeal to this court when the trial court entered the MVHO judgment. The record bears this out, even though the defendant has failed to make the transcript of the MVHO hearing a part of the record on appeal. We take judicial notice of the fact that the case was on appeal at the time of the trial court hearing. See State v. Robert M. Sneed, No. 03C01-9610-CR-00371, Sullivan County (Tenn. Crim. App. Sept. 30, 1997).

The defendant notes that the MVHO act defines a conviction for its purposes as a "final conviction." Tenn. Code Ann. § 55-10-603(1). He asserts that this means that a conviction that is on appeal may not be used as a predicate conviction in an MVHO proceeding.

In response, the state relies upon State v. Loden, 920 S.W.2d 261 (Tenn. Crim. App. 1995), a driving on a revoked license case. In Loden, the defendant claimed that because the DUI conviction that led to license revocation was still on appeal, the revocation was not effective at the time that he was charged with DRL. He relied upon Tenn. Code Ann. § 55-50-501, which requires the department of safety to revoke a license upon receipt of a record of a conviction for certain offenses, including DUI, "when such conviction has become final." In Tenn. Code Ann. § 55-50-503,

3

conviction is defined for the purposes of the Driver Licenses chapter as a "final conviction."

In considering what a "final conviction" means, this court stated that it should look to "the context of the entire statutory scheme" and quoted from what it called the legislature's stated "purposes of the motor vehicle statute." Loden, 920 S.W.2d at 264.[1] This court also stated that "a defendant is presumed guilty after judgment," citing a case that states this proposition relative to an appellate standard of review in determining if the evidence is sufficient to convict. Id.; see State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). It then concluded that "to allow an individual convicted of and presumed to be guilty of driving while intoxicated to continue to operate a motor vehicle pending appeal would be inconsistent with the legislature's statement of public policy." Loden, 920 S.W.2d at 264.

We view Loden to be precedential authority to which we will adhere. This means that the defendant's predicate convictions were final for the purpose of declaring him to be a habitual motor vehicle offender.

---

[1] Public policy. -- It is hereby declared to be the policy of this state to:

(1) Provide maximum safety for all persons who travel or otherwise use the public highways of the state;

(2) Deny the privilege of operating motor vehicles on such highways to persons who by their conduct and record have demonstrated their indifference to the safety and welfare of others and their disrespect for the laws of the state; and

(3) Discourage repetition of unlawful acts by individuals against the peace and dignity of this state and its political subdivisions, and to impose the added deprivation of the privilege of operating motor vehicles upon habitual offenders who have been convicted repeatedly of violations of laws involving the operation of motor vehicles.

Tenn. Code Ann. § 55-10-602.

In consideration of the foregoing, we affirm the judgment of the trial court.

_____
Joseph M. Tipton, Judge

CONCUR:


_____
Joe G. Riley, Judge


_____
James Curwood Witt, Jr., Judge