
IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
January 4, 2017 Session

## STATE OF TENNESSEE v. SHAWN P. BRADLEY

**Appeal from the Circuit Court for Carroll County**
No. 15CR43 Donald E. Parish, Judge

_____

### No. W2015-02228-CCA-R3-CD
_____

The Defendant, Shawn P. Bradley, appeals from the Carroll County Circuit Court's order declaring him to be a Motor Vehicle Habitual Offender (MVHO). On appeal, the Defendant argues that the trial court erred in declaring him to be a MVHO because the judgment forms for the qualifying offenses were facially invalid. Upon review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

Benjamin S. Dempsey, Huntingdon, Tennessee, for the Defendant-Appellant, Shawn P. Bradley.

Herbert H. Slatery III, Attorney General and Reporter; M. Todd Ridley, Assistant Attorney General; Matthew F. Stowe, District Attorney General; and Adam Jowers, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

The Defendant was convicted of driving under the influence on May 6, 2010[1] and two counts of driving on a cancelled, suspended, or revoked license on September 3, 2014. On April 8, 2015, the State filed a petition with the Carroll County Circuit Court to declare the Defendant a MVHO pursuant to Tennessee Code Annotated section 55-10-601. On the same day the State's petition was filed, the trial court filed a show cause order requiring the Defendant to appear and explain "why [the Defendant] should not be declared a Motor Vehicle Habitual Offender." On July 1, 2015, the Defendant filed an answer arguing that the State's petition was not supported by "three valid triggering

---

[1] The judgment form for this conviction was not included in the appellate record.

driving convictions within a three year period," and that the petition failed to "identify three facially valid judgments" or a "validly signed waiver of . . . [C]onstitutional rights." The Defendant asserted that the State's petition was barred by the doctrine of "laches" because the State used his 2010 conviction to declare him a MVHO and waited seven months after his 2014 conviction to file the petition. The Defendant also argued that the petition was unconstitutional because it was "void for vagneness [sic] per se" and as applied to the Defendant.

On July 30, 2015, the Defendant filed a motion to dismiss the State's petition, arguing, inter alia, that the State waited seven months after the third triggering conviction to file its petition and that this delay was "unnecessary" and substantially prejudiced the Defendant. He again asserted that the petition was barred by the doctrine of "laches." Finally, he noted that if the trial court granted the State's petition, he could lose his current employment. Shortly thereafter, the Defendant filed a "Conformed Motion [t]o Dismiss Supported [b]y Affidavit" raising the same arguments as his first motion to dismiss. On September 14, 2015, the Defendant filed a subsequent motion to dismiss alleging that the MVHO Act is unconstitutional, a petition for post-conviction relief, and an "Amended Answer [t]o Petition [t]o Declare [Defendant MVHO]." However, on September 21, 2015, the Defendant voluntarily dismissed his petition for post-conviction relief, which the trial court granted without prejudice.

According to the record, the trial court conducted a hearing on the Defendant's motions to dismiss on October 1, 2015.[2] On October 9, 2015, the Defendant filed an "Affidavit in Opposition to the HMVO Petition" stating that he did not have an attorney to represent him when he pled guilty in 2014, and that the Assistant District Attorney did not advise him that those two convictions would be used to declare him a MVHO.[3] On October 16, 2015, the trial court entered two written orders denying the Defendant's motions to dismiss and a third order declaring the Defendant to be a MVHO. The trial court found that the State's petition was timely and that the doctrine of laches did not bar the State from filing its petition. Citing State v. Orr, 694 S.W.2d 297 (Tenn. 1985), the trial court noted that the "criminal provisions of the [MVHO] Act, codified at T.C.A. [§] 50-10-616, . . . have been previously determined to be constitutional" and denied the Defendant's motion to dismiss. The trial court also denied the Defendant's constitutional challenge on the grounds that "[t]his is a not a criminal prosecution but a civil proceeding which seeks to merely establish the [Defendant's] status." Finally, in the order declaring

---

[2] The transcript of this proceeding was not included in the appellate record.

[3] On October 9, 2015, the parties appeared in open court and the Defendant presented his affidavit to the court. The record does not contain a transcript of what occurred in open court. In any event, this affidavit was not considered by the trial court "based upon stipulation of the parties."

the Defendant to be a MVHO, the trial court noted that when the parties appeared in court on October 9, 2015, they stipulated that the Defendant had been convicted of the traffic offenses alleged in paragraphs one, two, and three of the State's petition. In declaring the Defendant to be a MVHO, the trial court reasoned as follows:

> The [c]ourt concludes that the three prior traffic offense convictions as alleged by the Petition are facially valid. [The Defendant] signed a waiver in each instance which surrendered his right to indictment or presentment, right of trial by jury[,] and the right to counsel. The [c]ourt further concludes that the convictions are not subject to collateral attack.

This timely appeal now follows.

## ANALYSIS

On appeal, the Defendant argues that the trial court erred in declaring him to be a MVHO because the judgments for the underlying convictions, which the State relied on in its petition, are facially invalid. He claims that they are facially invalid because the judgments did not show that the Defendant was represented by counsel, or that he was advised of his rights before entering his guilty plea. He also asserts that the two convictions on September 3, 2014, should have merged into a single conviction, since they occurred within a twenty-four hour period, and that the driving on a cancelled license conviction is not a valid triggering conviction under the MVHO Act. The State argues that the Defendant has waived his challenge on appeal for failure to prepare an adequate appellate record. Waiver notwithstanding, the State also argues that the judgments are facially valid and the Defendant is not entitled to relief. After review of the record, we agree with the State.

"The MVHO Act states that a person who is convicted of three or more of certain enumerated offenses is an habitual offender." State v. Gregory Scott Parton, Alias Gregory Scott Partin, No. E2011-02729-CCA-R3-CD, 2013 WL 241933, at *2 (Tenn. Crim. App. Jan. 23, 2013); see T.C.A. § 55-10-603(2)(A). Driving under the influence and driving on a cancelled, suspended, or revoked license are such offenses. See T.C.A. § 55-10-603(2)(A)(viii), (xv). "When the records of the Department of Safety show that an individual has accumulated the requisite convictions to be an habitual offender, the Commissioner of Safety is directed to furnish that record to the district attorney general for the judicial district where the individual resides or may be found." Gregory Scott Parton, 2013 WL 241933, at *2; see T.C.A. § 55-10-605(b). "Upon receipt of the record of such an individual from the Commissioner of Safety, it is the duty of the district attorney general to 'forthwith' file a petition against the individual to have the individual declared an habitual offender." Gregory Scott Parton, 2013 WL 241933, at *2; see

T.C.A. § 55-10-606(a). "The law also authorizes the district attorney general to file such a petition if the district attorney general receives 'appropriate information' from any source other than the Commissioner of Safety." Gregory Scott Parton, 2013 WL 241933, at *2; see T.C.A. § 55-10-606(b).

MVHO proceedings "are civil rather than criminal in nature, but appellate jurisdiction lies with this court by virtue of Tennessee Code Annotated section 55-10-614." State v. Joseph R. Bledsoe, No. M2012-01224-CCA-R3-CD, 2013 WL 936296, at *1 (Tenn. Crim. App. Mar. 11, 2013) (internal citation omitted); see T.C.A. § 55-10-614(a) (stating that "[t]he defendant may appeal to the court of criminal appeals any final action or judgment entered under this part, in the same manner and form as appeals in criminal matters are heard"). "The MVHO proceeding involves revocation of the privilege of driving, not the deprivation of a property right." State v. Sneed, 8 S.W.3d 299, 301 (Tenn. Crim. App. 1999) (citing State v. Everhart, 563 S.W.2d 795, 797 (Tenn. Crim. App. 1978)). Additionally, the defendant may not collaterally attack predicate convictions during an MVHO proceeding. See Everhart, 563 S.W.2d at 797-98. "Under these principles, any complaint about the constitutional validity of the predicate convictions or of the MVHO process must fail." Sneed, 8 S.W.3d at 301.

As an initial matter, we agree with the State, and conclude that the Defendant has waived his appeal for failing to prepare an adequate appellate record. The Defendant claims that the judgment forms were "facially invalid" because he was not represented by counsel and because he was not advised of the litany of rights he would waive by pleading guilty. However, the record does not include the judgment form for the Defendant's 2010 conviction. Therefore, we are unable to determine whether that judgment form was facially invalid. Additionally, the trial court conducted a hearing on the Defendant's motions to dismiss, and the transcript from that proceeding was not included in the appellate record. The Defendant has a duty to prepare a record that conveys "a fair, accurate and complete account of what transpired with respect to those issues that are the bases of the appeal." Tenn. R. App. P. 24(b). The scope of appellate review is limited to the facts established in the record. Tenn. R. App. P. 13(c). In the absence of an adequate record on appeal, this court must presume that the trial court's rulings were supported by sufficient evidence. Vermilye v. State, 584 S.W.2d 226, 230 (Tenn. Crim. App. 1979). Accordingly, the Defendant has waived our consideration of this issue on appeal.

Waiver notwithstanding, the Defendant is not entitled to relief. The Defendant's argument is that the trial court erred in declaring him to be a MVHO, because the underlying convictions the State relied on in its petition were facially invalid. We must emphasize that "unless invalid on its face, a prior judgment of conviction in a court with personal and subject matter jurisdiction cannot be collaterally attacked in a subsequent

- 4 -

proceeding." State v. McClintock, 732 S.W.2d 268, 271-72 (Tenn. 1987); See Everhart, 563 S.W.2d at 797-98 (holding that a defendant may not collaterally attack predicate convictions during a MVHO proceeding). Furthermore, the Tennessee Supreme Court has held that "a conviction should be void on its face when 'the record affirmatively reveal[s] that the defendant had neither been represented by counsel nor waived his right to counsel.'" Hickman v. State, 153 S.W.3d 16, 25 (Tenn. 2004) (quoting McClintock, 732 S.W.2d at 271-72). The Tennessee Supreme Court has also held that "a conviction is void on its face . . . when the face of the judgment or the record of the proceedings 'clearly and indisputably' reflects that the court of conviction lacked territorial jurisdiction." Hickman, 153 S.W.3d at 25.

Here, the trial court found that the judgment forms were facially valid because the Defendant "signed a waiver in each instance which surrendered his right to indictment or presentment, right of trial by jury[,] and the right to counsel." The judgment form for the Defendant's 2010 conviction was not included in the record; therefore, we are precluded from reviewing the validity of that judgment form. However, upon our review of the 2014 judgment form, it contains the aforementioned rights and the right to plead not guilty, the right to confront and cross-examine witnesses, the right against self-incrimination, and the right to appellate review. Thus, the judgment form "contain[ed] all the information that is constitutionally and statutorily required to render . . . [it] valid." See Joseph R. Bledsoe, 2013 WL 936296, at *2.

Moreover, the judgment form contained the Defendant's signature acknowledging that he was informed of these rights before entering his guilty plea and it contained the trial court's certification that it informed the Defendant of his rights in open court. Although the Defendant raised no issue regarding whether the trial court was vested with personal and subject matter jurisdiction, the Defendant was charged with misdemeanor offenses and "the court of general sessions is vested with jurisdiction . . . in all misdemeanor cases." See T.C.A. § 40-1-109. Therefore, the 2014 judgment form was facially valid, and "[t]he authorized route for attacking a facially valid, final judgment of conviction is by the Post-Conviction Procedure Act." McClintock, 732 S.W.2d at 272. Accordingly, the Defendant's argument is without merit, and he is not entitled to relief.

Finally, on the last page of the Defendant's brief, the Defendant argued that the two convictions on September 3, 2014, should have merged into a single conviction, since they occurred within a twenty-four hour period, and that the driving on a cancelled license conviction is not a valid triggering conviction under the MVHO Act. The Defendant's brief failed to provide any additional argument or citation to relevant authority for these issues. Accordingly, these issues are waived. See Tenn. Ct. Crim. App. R. 10(b) ("Issues which are not supported by argument, citation to authorities, or appropriate reference to the record will be treated as waived in this court.").

## CONCLUSION

Based on the aforementioned reasoning and authorities, we affirm the judgment of the trial court.

_____
CAMILLE R. McMULLEN, JUDGE