**BRAZOS ELECTRIC POWER COOPERATIVE, INC., Appellant,**

v.

**WEATHERFORD INDEPENDENT SCHOOL DISTRICT et al., Appellees.**

**No. 17099.**

Court of Civil Appeals of Texas, Fort Worth.

March 20, 1970.

Rehearing Denied April 24, 1970.

Smith & Segrest, Waco, J. C. Hinsley, Austin, for appellant.

Morgan, Gambill & Owen, and Cecil A. Morgan, Fort Worth, for appellees, Weatherford Independent School District and others.

McCreary, Huey & Eskew, and Doren R. Eskew, Austin, for appellees, Parker County and others.

OPINION

BREWSTER, Justice.

This is an appeal from a judgment sustaining pleas in abatement filed by the two groups of defendants herein and dismissing the plaintiff's case against all the defendants.

The suit was filed by Brazos Electric Power Cooperative, Inc., plaintiff, against Weatherford Independent School District, the seven people that composed the Board of Trustees of such School District, the three men who composed the Board of Equalization of the School District, the Tax Assessor-Collector of the School District, Parker County, Texas, the Parker County Judge, the four County Commissioners of Parker County and the Tax Assessor-Collector of Parker County, who were all defendants.

At the time the pleas in abatement of the defendants were heard and the judgment complained of rendered the following pleadings, only, had been filed by the parties: (1) Plaintiff's original petition; (2) an original answer consisting of a general denial, only, filed by defendants, Parker County, the County Judge, the County Commissioners, and the County Tax Assessor-Collector; (3) a plea in abatement filed by these last named defendants; and (4) a plea in abatement filed by the School District, its Board of Trustees, its Board of Equalization and its Tax Assessor-Collector.

No special exceptions were ever filed by any defendant pointing out any defect or insufficiency in plaintiff's petition.

In its original petition plaintiff (appellant) alleged that it was the owner of a steam generating plant and certain other properties located in defendant School District and defendant Parker County and that it had rendered its properties for taxes for the year 1969 to the Tax Assessors-Collectors of both School District and County at the values alleged in the petition.

Plaintiff further alleged in its original petition that neither the School District nor the County assesses property for taxes at full market value, but that the officers of the defendant taxing units have represented that it is the practice to assess property for taxation in the School District at 55% of market value and in the County at 25% of market value, whereas in fact it is the practice to assess property other than that owned by plaintiff in the School District at only 33% to 35% of its market value and in the County at only 12% to 15% of its market value.

Plaintiff further alleged in its original petition that it was given notice by the respective Tax Assessors-Collectors and Boards of Equalization that the valuations at which plaintiff's properties would be assessed for taxation in 1969 were to be increased to the amounts alleged in Exhibits A and B in plaintiff's original petition, that plaintiff through its duly authorized representatives appeared before the Boards of Equalization of both School District and County, and that it presented evidence to such Boards of Equalization showing that its properties had been rendered for taxation at proper values, but that without hearing any evidence to controvert the evidence offered by plaintiff the defendants Boards of Equalization proposed to and would increase the valuations of plaintiff's properties for taxation over and above the rendered values to the proposed values set out in the Exhibits A and B of plaintiff's original petition, without regard to the evidence which had been presented by plaintiff.

Plaintiff further alleged that the valuations at which defendants, School District and County, proposed to assess the properties of plaintiff for 1969 for taxation are grossly excessive, that the value at which defendants propose to assess plaintiff's properties for taxation by Parker County is in excess of 25% of the fair market value of its properties on January 1, 1969, and that the valuations at which the defendants propose to assess plaintiff's properties for taxation by the School District for 1969 were in excess of 60% of fair market value of such properties as of January 1, 1969, and that assessments on such basis would require plaintiff to pay to the School District at least 25% more in taxes for 1969 than if its properties were assessed on the same basis of value as the properties of others in the School District, and that it would on such basis be required to pay approximately 100% more in taxes to Parker County for 1969 than it would be required to pay if its properties were assessed on the same basis as that of other property owners in the County, and that such a system of taxation would result in substantial injury to the plaintiff.

Plaintiff further alleged in its original petition that the values at which defendants proposed to and would assess the properties of plaintiff unless enjoined were fraudulent and arbitrary because they had been arrived at in disregard of the evidence before the Boards of Equalization, because such proposed assessments violate requirements of Statutes and Constitution that taxes be equal and uniform, and because the taxing systems and methods followed by the respective defendants discriminate against plaintiff by requiring it to pay taxes at a rate approximately twice that of other property owners.

Plaintiff further alleged that the proposed assessments, if the tax rolls were completed as intended by the various defendants, would create an apparent lien on the properties of plaintiff and would constitute a cloud upon the title of plaintiff to its properties, to prevent which the plaintiff has no adequate remedy at law.

By way of relief plaintiff prayed that the defendants be restrained and enjoined from completing assessments and tax rolls and approving same on the basis of the proposed assessments and that upon final trial the attempts of the defendants to increase the valuations of the properties of plaintiff for taxation for 1969 above the values at which the properties had been rendered by the plaintiff be declared void and invalid and that the defendants be enjoined and prohibited from using the proposed assessed valuations for assessing the properties of plaintiff for taxation for 1969 and from collecting or attempting to collect taxes on the basis of such assessments and valuations.

The plea in abatement of defendant Parker County, its County Judge, Commissioner's Court and Tax Assessor-Collector alleges that the Commissioner's Court met as a Board of Equalization for 1969; that it heard the taxpayers who wished to appear; that it had ordered the County Tax Assessor-Collector to prepare the tax rolls; and that the injunctive relief sought by plaintiff in the present case comes too late because on July 14, 1969, the Board of Equalization wound up its business and has not been in existence since that date. Also it alleged that this suit was filed on August 29, 1969; that the matters complained of had already transpired; that the assessable values had already been fixed; that the Board of Equalization had been dissolved by operation of law; and that for all these reasons the suit was filed too late and should be abated and dismissed.

The plea in abatement of the defendant School District, its Trustees, Board of Equalization and Tax Assessor-Collector also alleged that its Board of Equalization certified its completed tax roll to the Board of Trustees on August 19, 1969; that this action completed its work; and that it adjourned on that date and has not been in existence since. It also alleged that this suit was filed on August 29, 1969; that at the time the suit was filed the matters complained of had already transpired; the assessable values had been fixed; the Board of Equalization had adjourned and was not in existence; and that the relief sought is sought too late, and for these reasons the suit should be abated and dismissed.

Plaintiff's petition does not show on its face that the grounds urged as the basis for the granting of either of the pleas in abatement are true.

The plaintiff's first two points of error contend that the trial court committed reversible error in sustaining the two pleas in abatement filed herein by the two groups of defendants and in rendering judgment dismissing plaintiff's case against all such defendants in the absence of any evidence at all being offered to prove up the grounds urged in such pleas in abatement.

We sustain both of these points.

Each of the pleas in abatement and the plaintiff's petition were sworn to.

At the hearing of the pleas in abatement the only thing shown by the record to have been offered in evidence was the plaintiff's petition. No other evidence was offered at the hearing by anyone. At the hearing the trial judge, apparently on the strength of the allegations in plaintiff's petition, the allegations in the pleas in abatement which were sworn to, argument of counsel, and authorities submitted by them, proceeded to render judgment sustaining both pleas in abatement and dismissing plaintiff's case against all defendants.

The law is settled in Texas that a party who urges a plea in abatement has the burden of proving by a preponderance of the evidence at the hearing on such plea the facts that are alleged in the plea as grounds for abating and dismissing the plaintiff's case. The one exception to this rule is in instances where the allegations of plaintiff's petition establish the grounds urged in the plea in abatement. In this latter instance the offer of evidence by the one urging the plea is unnecessary. Ex-

cept in instances where this exception applies, if the person urging the plea in abatement presents it without proving up the grounds urged in the plea by evidence, he waives the plea in abatement. Taylor v. United Ass'n of J. & A. of Plumbing, etc., 337 S.W.2d 421 (Fort Worth, Tex.Civ.App., 1960, ref., n. r. e.); McDougald v. First Nat. Bank of Beaumont, 239 S.W.2d 145 (Beaumont, Tex.Civ.App., 1951, ref. n. r. e.); Hall v. McKee, 179 S.W.2d 590 (Fort Worth, Tex.Civ.App., 1944, no writ hist.); Bateman v. Bateman, 188 S.W.2d 866 (Waco, Tev.Civ.App., 1945, writ dism.); Pippin v. Pippin, 193 S.W.2d 236 (Galveston, Tex.Civ.App., 1946, no writ hist.); McCall v. Owens, 68 S.W.2d 1089 (Waco, Tex.Civ.App., 1934, writ ref.).

■ The above rules are applicable even though the plea in abatement is verified. The verification of the plea does not do away with the requirement that the one urging the plea prove the grounds thereof by a preponderance of the evidence at the time such plea is presented to the court. Sinclair Pipe Line Company v. Peters, 323 S.W.2d 651 (Beaumont, Tex.Civ.App., 1959, no writ hist.); Railroad Commission v. Shell Oil Co., 164 S.W.2d 773 (Austin, Tex. Civ.App., 1942, writ. ref.); Street v. J. I. Case Threshing Mach. Co., 188 S.W. 725 (Amarillo, Tex.Civ.App., 1916, writ ref.).

"A sworn plea is not prima facie evidence of the facts alleged; * * *." 1 Tex.Jur. 122, Sec. 88 and Street v. J. I. Case Threshing Mach. Co., supra.

■ Upon a hearing of a plea in abatement the court must accept as true the facts alleged in plaintiff's petition. The case pleaded in such petition must be viewed on that occasion in the aspect most favorable to plaintiff. Taylor v. United Ass'n of J. & A. of Plumbing, etc., supra; Longoria v. Alamia, 149 Tex. 234, 230 S.W.2d 1022 (1950); Wilburn v. Missouri-Kansas-Texas R. Co. of Texas, 268 S.W.2d 726 (Dallas, Tex.Civ.App., 1954, no writ hist.); and

Turman Oil Co. v. Roberts, 96 S.W.2d 724 (Austin, Tex.Civ.App., 1936, writ ref.).

The brief of appellees, Parker County (and that related group of appellees) contains the following statement:

"An examination of the Pleas in Abatement will show that they did not challenge the sufficiency of the matters which were contained in the Petition, but rather pointed out those matters which were not contained in the Petition which would have been necessary to obtain the relief asked by the Plaintiff. Although we certainly do not agree that the allegations that were contained in the Plaintiff's petition are true, we do not mean to leave the impression that if all the facts asserted by Plaintiff (Appellant) could be proved in a trial on the merits that individual relief of some nature might not be forthcoming."

■ We believe, as is recognized by those appellees, that if the allegations of plaintiff's petition are true (and the court must have accepted them as true on hearing the pleas in abatement), then the plaintiff would have been entitled to some type of relief on a trial on the merits. Under those circumstances plaintiff's case should not have been dismissed.

All defendants waived their pleas in abatement by presenting them to the trial judge without offering any evidence at all to prove up the allegations contained in such pleas in abatement.

Reversible error was committed when the two pleas in abatement were sustained and plaintiff's entire case dismissed without hearing any evidence in support of such pleas.

The judgment of the trial court sustaining the pleas in abatement and dismissing plaintiff's case is reversed and judgment rendered overruling both such pleas in abatement. The case is remanded to the trial court for further proceedings. As authority for this ruling, see McDougald v. First Nat. Bank of Beaumont, supra.