**Edwin R. PAVLISKA et al., Appellants,**

**v.**

**The CITY OF BAYTOWN et al., Appellees.**

**No. 12027.**

Court of Civil Appeals of Texas,
Austin.

May 16, 1973.

Rehearing Denied June 6, 1973.

L. A. Greene, Jr., Houston, for appellants.

D. Neel Richardson, Baytown, for appellees.

PHILLIPS, Chief Justice.

Appellants, each the owner of land situated in close proximity to a site selected by the City of Baytown to serve as a sanitary landfill, brought suit in the district court in the nature of an appeal from an action of the Texas State Department of Health under the Solid Waste Disposal Act, Article 4477–7, Vernon's Civil Statutes. The State filed a plea in abatement maintaining that appellants had no justiciable interest to maintain their appeal under the Act. The trial court sustained the plea in abatement and dismissed appellants' cause of action.

We reverse and remand the case for trial.

In 1971, the City of Baytown filed an application with the Texas State Department of Health for approval of a certain nearby tract to be used as a sanitary landfill in accordance with Section B of the Municipal Solid Waste Rules, Standards and Regulations of the Texas State Department of Health. In March, 1972, the Chief of the Environmental Development Program of the department wrote the City Manager of Baytown informing him that the department had no objection to the use of the tract as a sanitary landfill.

This action by the department was appealed to the district court by appellants. The State, appellee, filed a plea in abatement questioning appellants' standing to appeal such action by the department on the ground that appellants are not "persons affected" [1] by the decision of the department and, therefore had no justiciable interest to maintain the appeal. Appellee further contended that a governmental function project cannot be enjoined; that property owners of adjacent property have an adequate remedy at law under the Texas Constitution when they believe that their property rights have been invaded; and finally that due process is not an issue under Art. 4477–7 V.A.C.S. because that article applies to the public health and welfare and not to the taking or damaging of any property rights.

Appellants are before us on several points of error. [2] However, as we sustain their first point we do not reach the others. Their first point is the error of the trial court in concluding and holding that appellants were not "person[s] affected by any ruling, order, decision or other act of the department or the board" within the meaning of Sec. 9 of the Solid Waste Disposal Act, Article 4477–7 V.C.S.

The sole question before us is whether appellants are "persons affected," under Sec. 9 of the statute, *supra*. Appellants, in contending that they are within the term, rely on two primary factors. First, they would argue that the sole finding of fact filed by the court below, to wit: that "the value of the real estate owned by the plaintiffs (appellants) will be diminished by the proposed sanitary landfill", established conclusively that appellants have been "affected" by the decision. Secondly, appellants would establish that they are "persons" within the meaning of the Act by referring to Sec. 2, para. (1) of Art. 4477–7, entitled "Definitions" wherein it is stated that " 'person' means *individual,* corporation, organization, government or governmental subdivision or agency, business trust, partnership, association, or any other legal entity."

It is appellees' position that the Act contemplates two, and only two, roles as being potentially involved in the appellate procedure under the Act: that of the applicant and that of the department. Therefore, the role of "nearby landowner claiming economic injury" is simply not contemplated by the statute and those who fall into such category must seek relief other than that offered by Sec. 9. This is so, appellees argue, because the statute rests no discretion with the department to deny an application, once the applicant demonstrates compliance with basic requirements, nor does it involve in anyway an invasion of any person's property rights. The Sec. 2

---

1. "A person affected by any ruling, order, decision, or other act[s] of the department or the board may appeal by filing a petition in a district court of Travis County . . . " Art. 4477–7, § 9, V.C.S.

2. Appellants' remaining three points of error are as follows: SECOND POINT: The trial Court erred in sustaining the Defendant's Plea in Abatement, because Plaintiffs have an inherent right of appeal; THIRD POINT: The trial Court erred in denying Plaintiffs a review of agency action violating the Texas Open Meetings Law; FOURTH POINT: The trial Court erred in denying the Plaintiffs judicial review from State Action which denied them due process of law.

definition of "person", which appears to be so broad when taken out of context, then, is nothing more than an acknowledgment by the legislature of the well accepted fact that any legal entity can apply for a permit to construct a sanitary landfill, and assume, thereby, the role of "applicant" in this process.

In remanding this cause for trial this Court shall not be understood as holding that a mere showing of economic injury will give a litigant standing to maintain an appeal under Sec. 9 of Art. 4477–7. It *is* our view, however, that the language used in Sec. 9, in conjunction with the definition found in Sec. 2, if it means anything at all, must mean that there is a class of entities in addition to the "applicant class" who may prosecute a Sec. 9 appeal. Whether appellants fall within that class we do not here decide.

Appellants, as plaintiffs, pleaded among other things, that the department's decision was "invalid." This Court is of the opinion that appellants could under the pleadings have adduced evidence entirely independent of economic injury, which would have shown them "affected" by some facet of the department's decision which *does* lie within the ambit of the Act, and with respect to which the department may exercise some degree of discretion. Whether plaintiffs' petition would have been vulnerable to special exceptions we do not here decide because none was filed.

In holding as we do, this Court is not unmindful that, since evidence was adduced at the hearing on the plea in abatement, plaintiffs' petition may not be entitled, on appeal, to the dignity to which it would clearly have been entitled had the plea in abatement been sustained on the basis of the pleadings alone. See Turman

Oil Co. v. Roberts, 96 S.W.2d 724 (Tex. Civ.App.1936, writ ref.); Pait v. International Brotherhood of Boilermakers, etc., 322 S.W.2d 340 (Tex.Civ.App.1959, writ ref. n. r. e.); Barzos Electric Power Corperative Inc. v. Weatherford Independent School District, 453 S.W.2d 185 (Tex.Civ. App.1970, writ ref. n. r. e.). At the same time, however, we note, and the court below acknowledged, that much of the evidence that was adduced may have more properly been addressed to the merits of the action rather than to the plea in abatement. Further, although the record is not clear as to the actual basis for sustaining the plea in abatement, it appears that the bulk of the evidence adduced by the State in discharging its burden on the plea, was intended as a response to plaintiffs' due process allegation. Finally, we note that, although this plea was denominated a "plea in abatement", the actual effect of the order was permanently to deny appellants access to the courts in this cause. In light of these factors, and in the absence of special exceptions to the petition, we conclude that the allegations made therein were sufficient to withstand the plea in abatement.

Accordingly, we hold that Art. 4477–7, § 9 gives standing to appeal a decision of the State Department of Health to "affected" parties other than the "applicant." Further, we hold that insofar as appellants could, under the pleadings, adduce evidence of injury within the contemplation and scope of the act, they could thereby bring themselves within this class and thus have the requisite standing to prosecute an appeal.

The judgment of the trial court is reversed and the case remanded for trial.

Reversed and remanded.