**Gary SETH, et ux, Jean Seth, Appellants,**

v.

**Matthew MEYER, d/b/a Artcraft Properties and Matthew Meyer Construction, Appellees.**

No. 2–86–132–CV.

Court of Appeals of Texas, Fort Worth.

June 4, 1987.

Mervin B. Waage, Denton, for appellants.

Whitten, Loveless, Kelsey, Gregory, Holt and Phillips, Denton, Law Office of Charles E. Fiscus, Lewisville, for appellees.

Before JOE SPURLOCK, II, FARRIS and KELTNER, JJ.

## OPINION

KELTNER, Justice.

This is an appeal from an order of dismissal which resulted from one of the defendant's plea in abatement.

Gary and Jean Seth sued Matthew Meyer, Gary Garrett and Gar-Don-Mey, Inc., all doing business as Artcraft Properties, pursuant to the Texas Deceptive Trade Practices Act, for actions rising out of those defendants' construction of an additional room to the Seths' house.[1]

Meyer filed a plea in abatement alleging that he was not personally liable to the plaintiffs, stating that their, "true cause of action" was against Gar-Don-Mey, Inc. At the plea in abatement hearing, only the Seths testified. After the hearing, the court granted the plea in abatement, severed the cause of action against Meyer and dismissed that claim without prejudice to the plaintiffs' right to refile.

We reverse and remand.

At the plea in abatement hearing, the Seths testified they retained the services of Artcraft Properties to construct an additional room to their home. Meyer came to the Seth home and made a written proposal to them for the construction of a "sunroom." Meyer signed the proposal on behalf of Artcraft Properties. The Seths signed the proposal accepting the offer made by Meyer for Artcraft. However, Meyer requested the check for fifty percent of the contract price be made to Meyer Construction.

Even before the construction was complete, problems arose with the construction of the sunroom. Numerous roof leaks occurred which caused damage. Additionally, the Seths were not satisfied with the paneling in the house, the roof, the masonry and the poured concrete.

The City of Double Oak issued a "stop work order" on the construction because of the workmanship. As a result, the Seths obtained a demolition estimate of $4,800.00. They also received an estimate to rebuild the condemned room for $11,520.00. Throughout the transaction, the Seths dealt with Meyer. Despite their complaints and the "stop work order," Meyer insisted on full payment of the contract. In fact, Meyer filed a Mechanic's and Materialman's

Lien. The lien stated that Meyer was the owner of Artcraft Properties.

The Seths also testified that Meyer made a number of "personal guarantees" about the workmanship in the house. The Seths contend that none of these guarantees were fulfilled. Meyer has not responded to the Seths' brief.

The Seths bring two points of error. In the first point of error, the Seths contend that the trial court erred in improperly placing the burden of proof on them and then sustaining the plea of abatement against the great weight and preponderance of the evidence.

■ In reviewing the trial court's ruling on the plea in abatement, we may not reverse the trial court unless we determine that the trial court abused its discretion in granting the plea in abatement. *Dolenz v. Continental Nat. Bank,* 620 S.W.2d 572, 575 (Tex.1981).

■ The law is well settled that the burden of proof on the plea in abatement remains on the defendant to prove the allegations in his plea. *Flowers v. Steelcraft Corporation,* 406 S.W.2d 199, 199 (Tex. 1966). Additionally, the trial court must accept the facts alleged in the plaintiffs' petition as true unless they are disproved. *Brazos E.P. Coop., Inc. v. Weatherford Ind.Sch.Dist.,* 453 S.W.2d 185, 189 (Tex. Civ.App.—Fort Worth 1970, writ ref'd n.r.e.)

It does not appear that the trial court misplaced the burden of proof. In fact, the trial court directed that Meyer proceed with his evidence at the beginning of the hearing. As a result, we overrule that part of the first point of error that deals with the misplacing of the burden of proof.

■ However, we find that Meyer failed to carry his burden of proof and the trial court abused its discretion in sustaining the plea in abatement. The Seths' pleadings allege that Meyer individually made personal guarantees regarding the quality of work and guaranteed the workmanship for one year. Meyer only called Gary Seth to

---

1. Matthew Meyer and Gary Garrett were sued in their individual capacities. Gar-Don-Mey, Inc. was alleged to be a corporation incorporated in the State of Texas.

testify. While Seth admitted that the proposal was signed by Meyer on behalf of Artcraft Properties, he further testified that Meyer made numerous personal guarantees regarding the quality of work to be done on the residence. He also testified that Meyer would be responsible for the work being done. Thereafter, Jean Seth testified on her own behalf. She testified that Meyer instructed her to make the initial check payable to Meyer Construction rather than Artcraft Properties. Meyer did not testify at the hearing or attempt to contradict the Seths' testimony. Meyer did not carry his burden to prove that he was not personally liable. We sustain the first point of error.

In their second point of error, the Seths claim that the court erred in granting the plea in abatement because the court erroneously required privity between them and Meyer, in order to hold Meyer liable under the Texas Deceptive Trade Practices Act.

At the outset, it is not clear from our record whether the court ruled that Meyer must be in privy of contract with the Seths. No findings of fact nor conclusions of law were requested or made. However, because we reverse on the first point, we need not address the second point of error.

The judgment of the trial court is reversed and remanded with orders to reinstate Meyer as a party to the action.