

# NUMBER 13-21-00068-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE CLEAR DIAMOND, INC.

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

**Before Justices Benavides, Hinojosa, and Silva**
**Memorandum Opinion by Justice Benavides[1]**

By petition for writ of mandamus, relator Clear Diamond, Inc. (Clear Diamond) seeks to compel the trial court to abate the underlying suit based on dominant jurisdiction and to vacate an order denying Clear Diamond's motion to transfer venue. We conditionally grant the petition for writ of mandamus with regard to Clear Diamond's plea in abatement as discussed below.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

## I.     BACKGROUND

This case arises from a tractor-trailer collision that occurred on January 15, 2019, in Crockett County, Texas, at the intersection of U.S. Highway 137 and U.S. Highway 190. Clear Diamond had contracted with Lonesome Dove Logistics, LLC (Lonesome Dove) to deliver a load of highly flammable liquid natural gas. In the agreement, Lonesome Dove agreed to indemnify Clear Diamond for damage to its trailer or cargo. Lonesome Dove dispatched driver Kenneth Wartenbee with the load of liquid natural gas. In the course of his trip, Wartenbee collided with a tractor-trailer driven by Flavio Zapata. Flavio's father, Sergio Zapata Montoya d/b/a Openroad Transportation (Openroad) owned the tractor driven by Flavio, and Eduardo Tapia owned the trailer being hauled by Flavio. Openroad was the named insured under a policy of insurance issued by Clear Blue Insurance Company (Clear Blue).[2]

Flavio died as a result of the collision, and was survived by his wife, Rebeca Zapata, and his two minor children, A.N.Z. and B.A.Z. Both tractor-trailers sustained significant damage. The parties disagree regarding fault for the collision. Clear Diamond contends that Flavio failed to observe two flashing stop signs, failed to yield the right-of-way, and entered the intersection directly in front of Wartenbee, who had the right-of-way. Flavio's family asserts, in contrast, that Clear Diamond failed to train Wartenbee adequately and dispatched Wartenbee in an unreasonable manner that created a foreseeable risk of harm to others by sending him on a dangerous route in hazardous

---

[2] Clear Blue Insurance Company was apparently incorrectly named as Clear Blue Insurance Corporation in the underlying matters. This discrepancy is not material to our analysis.

conditions, and that Wartenbee failed to maintain a reasonable lookout and failed to operate his rig in a reasonable manner.

On February 5, 2019, Clear Diamond and Wartenbee filed suit against Estela Zapata (Flavio's mother), Sergio Zapata Montoya, Rebeca, individually and as representative of Flavio's estate, and Lonesome Dove in the 452nd District Court of McCulloch County, Texas, for personal injuries and property damage. Clear Diamond asserted that venue was proper there because it was the county of Lonesome Dove's principal office. They sued for damage to the trailer, loss of cargo, and loss of Wartenbee's personal property. They alleged that, on information and belief, the tractor operated by Flavio was owned by Estela, Sergio, and Rebeca. They alleged that Lonesome Dove contracted with Clear Diamond to deliver the load of liquified natural gas, dispatched Wartenbee on the trip, and contracted to indemnify Clear Diamond for any damage to its trailer or cargo. They alleged, inter alia, that Estela, Sergio, and Rebeca committed negligent entrustment and were negligent in hiring, training, and supervising Flavio, that Lonesome Dove was negligent in dispatching Wartenbee, and that Lonesome Dove owed Clear Diamond indemnity.

On February 12, 2019, Rebeca, individually, as personal representative of Flavio's estate, and as next friend for minor children A.N.Z. and B.A.Z, filed suit against Clear Diamond and Tapia in the 275th District Court of Hidalgo County, Texas. This lawsuit gave rise to the remainder of the proceedings relevant to this original proceeding. Rebeca alleged that Clear Diamond's tanker collided with Tapia's trailer causing Flavio's death. She filed a wrongful death and survival cause of action and sought injunctive relief to

3

preserve evidence relevant to the case. She alleged that venue was proper in Hidalgo County based on Tapia's residence there.

In response, Clear Diamond filed a "Motion to Transfer Venue, Plea in Abatement, and Subject Thereto, Original Answer." Clear Diamond specifically denied that Tapia resided in Hidalgo County, requested transfer to McCulloch County as the location of Clear Diamond's principal office, and asserted that a transfer of venue would serve the convenience of the parties and witnesses. Clear Diamond also sought abatement based on the dominant jurisdiction of the case that it had previously filed in McCulloch County. Clear Diamond's pleading was not verified but was supported by: (1) the Texas Peace Officer's Crash Report regarding the collision at issue; and (2) a file-stamped copy of Clear Diamond's original petition in McCulloch County.

On June 18, 2020, Rebeca, this time proceeding only as next friend for A.N.Z. and B.A.Z., filed a "First Amended Original Petition and Application for Declaratory and Injunctive Relief." She reiterated her claims against Clear Diamond and Tapia. She added Clear Blue as a defendant and sought a declaratory judgment that Tapia had no claim against the Clear Blue insurance policy.

On September 8, 2020, Rebeca as next friend filed a "Response to Plea in Abatement and Motion to Transfer Venue." She alleged that Clear Diamond's plea in abatement was moot because it challenged her original petition, "a petition that has been amended to remove the parties that were improperly sued by [Clear Diamond] in McCulloch County." She argued that the doctrine of dominant jurisdiction was inapplicable because the minor children and Tapia were not parties to the McCulloch County case;

4

their claims and defenses are not at issue there; and the minors had filed their claims in Hidalgo County, which "is a county of proper venue for their wrongful death and declaratory judgment claims." She similarly alleged that Clear Diamond's motion to transfer venue was moot because she had amended her pleadings. She urged the trial court to maintain venue in Hidalgo County because transfer of the suit would cause injustice and hardship for the real parties because they would have to travel over three hundred miles to McCulloch County to attend court. She supported her response with an affidavit regarding her inability to pursue or defend the case in McCulloch County due to financial constraints.

On September 29, 2020, Clear Diamond filed a "Supplement to Plea in Abatement." Clear Diamond reiterated that its McCulloch County suit was first filed, that "both lawsuits involve[] the same issues from the same collision," and that abatement was required under the applicable law. In support of its contentions, Clear Diamond again attached its original petition filed in McCulloch County, and further provided: (1) the Texas Highway Patrol Division Crash Investigation report regarding the collision; (2) a motion to transfer venue from McCulloch County to Webb County,[3] as filed in McCulloch County by Rebeca, individually and as representative of Flavio's estate; (3) a "Rule 11" agreement between the parties continuing the hearing on Clear Diamond's plea in abatement; and (4) orders denying motions to transfer venue filed by Rebeca, Estela, and Sergio rendered by the McCulloch County trial judge. *See* TEX. R. CIV. P. 11.

---

[3] Rebeca alleged that venue was proper in Webb County because she "resided in Webb [C]ounty at the time the cause of action accrued . . . ."

On January 12, 2021, Rebeca as next friend filed a "Supplemental Response to Defendant's Supplement to Plea in Abatement." She argued that Clear Diamond's "plea to the jurisdiction" and motion to transfer venue were moot because she had amended her petition. She also asserted that the dominant jurisdiction doctrine did not apply "because this suit involves completely different parties with entirely different claims." And further, she argued that dominant jurisdiction did not apply because Clear Diamond "lacks intent to prosecute the McCulloch County lawsuit." According to Rebeca, Clear Diamond's conduct provided an additional reason for the trial court to refuse abatement:

> To manufacture venue in McCulloch County, [Clear Diamond] filed a sham lawsuit against [Lonesome Dove], a McCulloch County company owned by . . . Clear Diamond's foreman and his wife. Clear Diamond has no intention of actually prosecuting its own foreman. [Clear Diamond] claims that its own employee negligently dispatched Clear Diamond's driver of the 18-wheeler to pick up natural gas liquids prior to the crash at issue.

Finally, Rebeca alleged that Hidalgo County was the "only" county of proper venue and convenient to the parties.

On January 12, 2021, the trial court held a non-evidentiary hearing on pending motions, including Clear Diamond's plea in abatement.

On January 13, 2021, Clear Diamond filed a "Notice of Filing" including the declaration of Daniel Heath McBride in support of its plea in abatement. In his declaration, McBride stated that he had reviewed the factual statements in the plea in abatement and supplement to the plea, and they were based on personal knowledge and were true and correct.

On January 15, 2021, Estela and Sergio filed an "Original Petition in Intervention" seeking declaratory relief against Tapia and Clear Blue regarding their relative rights

6

under the Clear Blue insurance policy and alleging negligence and gross negligence against Clear Diamond and Wartenbee.

Also on January 15, 2021, Rebeca, this time proceeding individually, as personal representative of Flavio's estate, and as next friend for A.N.Z. and B.A.Z., filed a "Second Amended Original Petition and Application for Declaratory and Injunctive Relief" against Clear Diamond, Tapia, and Clear Blue. In this second amended pleading, Rebeca also included claims against Wartenbee.

On February 2, 2021, the trial court signed an order denying both Clear Diamond's plea in abatement and its motion to transfer venue.

This original proceeding ensued. By four issues, Clear Diamond asserts that the trial court abused its discretion by refusing to abate a second-filed lawsuit that is inherently interrelated with a previously filed lawsuit and mandamus should issue to correct this error (issues one and two), and the trial court abused its discretion by denying Clear Diamond's motion to transfer venue without hearing or notice, and mandamus is available to remedy this error (issues three and four).

This Court requested and received a response to the petition for writ of mandamus from Rebeca, individually and as personal representative of Flavio's estate and as next friend of A.N.Z. and B.A.Z. The parties have also provided further briefing: Clear Diamond has filed a reply to the response, and the real parties have filed a sur-reply.

## II. STANDARD FOR MANDAMUS REVIEW

"To obtain relief by writ of mandamus, a relator must establish that an underlying order is void or a clear abuse of discretion and that no adequate appellate remedy exists."

7

*In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). Under this standard of review, we defer to the trial court's factual determinations that are supported by evidence, but we review the trial court's legal determinations de novo. *See In re Labatt Food Serv., L.P.*, 279 S.W.3d 640, 643 (Tex. 2009) (orig. proceeding). An abuse of discretion occurs when a trial court's ruling is arbitrary and unreasonable or is made without regard for guiding legal principles or supporting evidence. *In re Nationwide*, 494 S.W.3d at 712; *Ford Motor Co. v. Garcia*, 363 S.W.3d 573, 578 (Tex. 2012). A trial court abuses its discretion when it fails to analyze or apply the law correctly or apply the law correctly to the facts. *In re Nationwide*, 494 S.W.3d at 712; *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam). "This principle applies 'even when the law is unsettled.'" *In re J.B. Hunt Transport, Inc.*, 492 S.W.3d 287, 294 (Tex. 2016) (orig. proceeding) (quoting *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136). A trial court abuses its discretion concerning factual matters if the record establishes that the trial court could have reached only one conclusion. *Walker*, 827 S.W.2d at 841.

We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments. *In re Essex Ins. Co.*, 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136. In deciding whether the benefits of mandamus outweigh the detriments, we weigh the public and private interests involved in the case, and we look to the facts involved in each case to determine the adequacy of an appeal. *In re United Servs. Auto. Ass'n*, 307

8

S.W.3d 299, 313 (Tex. 2010) (orig. proceeding); *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 469 (Tex. 2008) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136–37.

### III.    PRINCIPLES OF DOMINANT JURISDICTION

"In instances where inherently interrelated suits are pending in two counties, and venue is proper in either county, the court in which suit was first filed acquires dominant jurisdiction." *In re Red Dot Bldg. Sys., Inc.*, 504 S.W.3d 320, 322 (Tex. 2016) (orig. proceeding); *see In re J.B. Hunt Transp., Inc.*, 492 S.W.3d at 294; *Gonzalez v. Reliant Energy, Inc.*, 159 S.W.3d 615, 622 (Tex. 2005); *Wyatt v. Shaw Plumbing Co.*, 760 S.W.2d 245, 248 (Tex. 1988), *overruled on other grounds*, *In re J.B. Hunt Transp., Inc.*, 492 S.W.3d at 292–93. In these circumstances, the general rule is that the court in the second action must abate the suit. *In re Red Dot Bldg. Sys., Inc.*, 504 S.W.3d at 322; *In re J.B. Hunt Transp. Inc.*, 492 S.W.3d at 294; *Wyatt*, 760 S.W.2d at 247.

The reasons for abatement include conservation of judicial resources, avoidance of delay, and "comity, convenience, and the necessity for an orderly procedure in the trial of contested issues." *Perry v. Del Rio*, 66 S.W.3d 239, 252 (Tex. 2001) (orig. proceeding) (quoting *Wyatt*, 760 S.W.2d at 248); *see In re J.B. Hunt Transp. Inc.*, 492 S.W.3d at 294; *see also Dodd v. Evergreen Nat'l Constr., LLC*, No. 01-16-00974-CV, 2017 WL 2645041, at *4 (Tex. App.—Houston [1st Dist.] June 20, 2017, no pet.) (combined appeal & orig. proceeding) (mem. op.). "A further justification is simple fairness: in a race to the courthouse, the winner's suit should have dominant jurisdiction." *Perry*, 66 S.W.3d at 252; *see In re King*, 478 S.W.3d 930, 933 (Tex. App.—Dallas 2015, orig. proceeding). "The

9

default rule thus tilts the playing field in favor of according dominant jurisdiction to the court in which suit is first filed." *In re J.B. Hunt Transp., Inc.*, 492 S.W.3d at 294 (footnotes and internal quotations omitted); *see Mayfield v. Peek*, 546 S.W.3d 253, 265–66 (Tex. App.—El Paso 2017, no pet.). "As long as the forum is a proper one, it is the plaintiff's privilege to choose the forum," and a defendant is "simply not at liberty to decline to do battle in the forum chosen by the plaintiff." *Wyatt*, 760 S.W.2d at 248; *see In re Amoco Fed. Credit Union*, 506 S.W.3d 178, 184 (Tex. App.—Tyler 2016, orig. proceeding). We conduct our dominant jurisdiction analysis under the deferential abuse of discretion standard. *In re J.B. Hunt Transp., Inc.*, 492 S.W.3d at 293.

## IV.   DOMINANT JURISDICTION ANALYSIS

We turn to the relator's arguments pertaining to dominant jurisdiction. Clear Diamond contends that the trial court abused its discretion by refusing to abate a second-filed suit that is inherently interrelated with pending litigation. In connection with this argument, Clear Diamond argues that the cases are inherently interrelated; the real parties' "manipulation of the pleadings did not negate the interrelatedness of the lawsuits"; venue is proper in McCulloch County; no exceptions to dominant jurisdiction apply to bar abatement; and Clear Diamond's pleadings did not suffer from any deficiency that would prevent mandamus relief.

In response, the real parties allege that the trial court acted within its discretion to deny Clear Diamond's plea in abatement because Clear Diamond offered no evidence to support the grounds for its plea, there is not a "sufficient interrelation" between the parties

and claims in the two suits under the "compulsory counterclaim" test, and venue was not proper in McCulloch County.[4]

## A.    Evidence

We begin by examining the real parties' assertion that Clear Diamond offered no evidence in support of its plea in abatement. "It is well established that a party seeking abatement must prove the allegations in its plea by a preponderance of the evidence." *In re HPGM, LLC*, No. 06-20-00019-CV, 2020 WL 5737529, at *4, __ S.W.3d __, __ (Tex. App.—Texarkana Sept. 25, 2020, orig. proceeding) (citing *Flowers v. Steelcraft Corp*., 406 S.W.2d 199, 199 (Tex. 1966)); *see S. Cnty. Mut. Ins. Co. v. Ochoa*, 19 S.W.3d 452, 469 (Tex. App.— Corpus Christi – Edinburg 2000, no pet.); *Lopez v. Tex. Workers' Comp. Ins. Fund*, 11 S.W.3d 490, 493 (Tex. App.—Austin 2000, pet. denied); *Bernal v. Garrison*, 818 S.W.2d 79, 82 (Tex. App.—Corpus Christi–Edinburg 1991, writ denied); *Brazos Elec. Power Co-Op., Inc. v. Weatherford Indep. Sch. Dist*., 453 S.W.2d 185, 188 (Tex. App.— Fort Worth 1970, writ ref'd n.r.e.). Even the verification of a plea does not do away with the requirement that the one urging the plea prove the grounds by a preponderance of the evidence at the time the plea is presented to the court. *Brazos Elec. Power Co-Op., Inc.*, 453 S.W.2d at 189; *see also In re Truck Ins. Exch*., No. 12-12-00183-CV, 2013 WL

---

[4] There are exceptions to the general rule that the first-filed suit acquires dominant jurisdiction. *See In re J.B. Hunt Transport, Inc.*, 492 S.W.3d 287, 294 (Tex. 2016) (orig. proceeding); *Wyatt v. Shaw Plumbing Co*., 760 S.W.2d 245, 248 (Tex. 1988*)*. These exceptions include: (1) conduct by a party that estops it from asserting prior active jurisdiction; (2) lack of persons to be joined if feasible, or the power to bring them before the court; and (3) lack of intent to prosecute the first lawsuit. *Wyatt*, 760 S.W.2d at 248; *see In re PlainsCapital Bank*, No. 13-17-00021-CV, 2018 WL 2979836, at *10 (Tex. App.—Corpus Christi–Edinburg June 8, 2018, orig. proceeding) (mem. op.). Although some of the real parties' terminology and argument in this original proceeding invoke some of these exceptions to the general rule, the real parties do not expressly argue that these exceptions apply and do not offer evidence in support of the exceptions. Accordingly, we do not address them herein.

1760793, at *2 (Tex. App.—Tyler Apr. 24, 2013, orig. proceeding) (mem. op.). A plea in abatement is sustainable without proof only when the plaintiff's pleadings establish the grounds urged in the plea. *In re HPGM, LLC*, 2020 WL 5737529, at *4, __ S.W.3d at __; *Bernal*, 818 S.W.3d at 82; *Brazos Elec. Power Co-Op., Inc.*, 453 S.W.2d at 188; *see also In re Truck Ins. Exch.*, 2013 WL 1760793, at *2.

As stated previously, Clear Diamond's plea in abatement was not verified or supported by affidavits at the time that it was filed. As exhibits to its plea in abatement, Clear Diamond attached the Texas Peace Officer's Report and the file-stamped petition filed by Clear Diamond in McCulloch County. Clear Diamond offered additional exhibits in conjunction with its supplement to the plea in abatement. The hearing on the plea in abatement was not evidentiary in nature. After the hearing, but before the trial court issued its ruling, Clear Diamond filed the declaration of McBride, which stated that the factual statements in the plea in abatement and supplement were based on personal knowledge and were true and correct.[5] The trial court's order states that the trial court considered "the pleadings, the response, the affidavits, and the court's file, and arguments of counsel." *Cf. B.C. v. Steak N Shake Operations, Inc.*, 598 S.W.3d 256, 260 (Tex. 2020) (per curiam) (reviewing the record for evidence indicating that the trial court allowed the late filing of a summary judgment response).

---

[5] We note that if a defendant fails to verify a denial that must be verified under the rules, the plaintiff must object to the defect, or it waives the error. *See Werner v. Colwell*, 909 S.W.2d 866, 870 (Tex. 1995). And, a pleading may usually be amended to include a verification, even during trial. *See, e.g., Chapin & Chapin, Inc. v. Tex. Sand & Gravel Co.*, 844 S.W.2d 664, 664–65 (Tex. 1992) (per curiam).

Reviewing the pleadings, evidence, and arguments presented to the trial court, we conclude that Clear Diamond met its burden in this case. The record contains no factual disputes; rather, the parties merely disagree, albeit vehemently, regarding the interpretation of those facts as it pertains to dominant jurisdiction. The real parties' pleadings acknowledge that the McCulloch County suit was filed first and remains pending, although the real parties allege that the parties and claims are different. Further, the real parties' pleadings are expressly based on the January 15, 2019 collision between Clear Diamond's tanker and Tapia's trailer. Under these circumstances, we reject real parties' contention that Clear Diamond's plea must be denied because it lacks evidentiary support.

## B.     Interrelationship

In determining whether an inherent interrelationship exists between two lawsuits, "courts should be guided by the rule governing persons to be joined if feasible and the compulsory counterclaim rule." *Wyatt,* 760 S.W.2d at 247; *see* TEX. R. CIV. P. 39, 97(a); *In re J.B. Hunt Transp., Inc.*, 492 S.W.3d at 292. Texas Rule of Civil Procedure 97(a), regarding compulsory counterclaims, provides:

> A pleading shall state as a counterclaim any claim within the jurisdiction of the court, not the subject of a pending action, which at the time of filing the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction; provided, however, that a judgment based upon a settlement or compromise of a claim of one party to the transaction or occurrence prior to a disposition on the merits shall not operate as a bar to the continuation or assertion of the claims of any other party to the transaction or occurrence unless the latter has consented in writing that said judgment shall operate as a bar.

13

TEX. R. CIV. P. 97(a). A counterclaim is compulsory if, in addition to Rule 97(a)'s other requirements, it was not the subject of a pending action when the original suit was commenced. *In re J.B. Hunt Transp., Inc.*, 492 S.W.3d at 293. "The compulsory counterclaim rule is a means of bringing all logically related claims into a single litigation, through precluding a later assertion of omitted claims." *White v. Rupard*, 788 S.W.2d 175, 178 (Tex. App.—Houston [14th Dist.] 1990, writ denied). "A counterclaim is logically related to the opposing party's claim where separate trials on each of their respective claims would involve a substantial duplication of effort and time by the parties and courts." *Id.*; *see also In re Second St. Props., LLC*, No. 14-16-00390-CV, 2016 WL 7436649, at *3 (Tex. App.—Houston [14th Dist.] Dec. 22, 2016, orig. proceeding) (mem. op.) (orig. proceeding). "The logical relationship test is met when the same facts, which may or may not be disputed, are significant and logically relevant to both claims." *Moore v. First Fin. Resolution Enters., Inc.*, 277 S.W.3d 510, 516 (Tex. App.—Dallas 2009, no pet.).

We examine whether there is an inherent interrelationship between the subject matters of the two lawsuits. *Wyatt*, 760 S.W.2d at 247; *see also* TEX. R. CIV. P. 39 (stating the rule regarding the joinder of persons needed for "just adjudication"); *id.* R. 97(a) (delineating the compulsory counterclaim rule). If such an inherent interrelationship exists, we then proceed to assess dominant jurisdiction. *In re J.B. Hunt Transp., Inc.*, 492 S.W.3d at 292. To determine whether there is an inherent interrelationship, we consider whether: (1) the McCulloch County suit commenced first; (2) the McCulloch County suit is still pending; (3) the McCulloch County suit does include or could be amended to include all the parties; and (4) the controversies are the same or the McCulloch County suit could

14

be amended to include all of the claims. *See Wyatt*, 760 S.W.2d at 247*; In re Amoco Fed. Credit Union*, 506 S.W.3d at 187; *In re King*, 478 S.W.3d at 933; *In re ExxonMobil Prod. Co.*, 340 S.W.3d 852, 856 (Tex. App.—San Antonio 2011, orig. proceeding).

The McCulloch County suit was commenced first and is still pending. *See Wyatt*, 760 S.W.2d at 247*; In re Amoco Fed. Credit Union*, 506 S.W.3d at 187. The McCulloch County suit includes Clear Diamond, Wartenbee, Estela, Sergio, Rebeca, individually and as representative of Flavio's estate, and Lonesome Dove. The Hidalgo County suit, based on the current incarnation of the pleadings, includes these parties, and additionally includes Rebeca as next friend of A.N.Z. and B.A.Z., Clear Blue, and Tapia.

The real parties assert that the McCulloch County suit cannot be amended to include the minor children. According to real parties, "even under the foul-play tactics of Clear Diamond in suing Flavio's widow and mother, Clear Diamond apparently could not come up with any claim to assert against the minors, seeking to somehow blame them for the untimely death of their father." They further assert that the "independent claims belonging to the Zapata Children are not claims owned by any pleading defendant that could have been pleaded as 'counterclaims' at the time any defendant answered Clear Diamond's suit in McCulloch County," and thus, "the 'inherent interrelation' test is simply not satisfied on this record."

We disagree. As a threshold matter, "[i]t is not required that the exact issues and all the parties be included in the first action before the second is filed, provided that the claim in the first suit may be amended to bring in all necessary and proper parties and issues." *Wyatt*, 760 S.W.2d at 247; *see also French v. Gilbert*, No. 01–07–00186–CV,

15

2008 WL 5003740, at *6 (Tex. App.—Houston [1st Dist.] Nov. 26, 2008, orig. proceeding) (mem. op.). Here, the minor children are Texas residents and are represented by their mother and next friend who is already a party to the action. *See* TEX. R. CIV. P. 44 (allowing minors to "sue and be represented" by next friends); *In re Bridgestone Americas Tire Operations, LLC*, 459 S.W.3d 565, 572 (Tex. 2015) (orig. proceeding). In fact, the minors appear in the real parties' current live pleading. There is nothing apparent in this record which would prevent Rebeca from prosecuting the minor's claims, and contrary to the real parties' assertions, there is no requirement that they appear in the lawsuit as defendants. In short, the real parties have not identified any jurisdictional obstacles which would prevent these parties from joining suit.

We next examine whether the controversies in the two suits are the same. *See Wyatt*, 760 S.W.2d at 247; *In re Amoco Fed. Credit Union*, 506 S.W.3d at 187. Both lawsuits arise from the same tractor-trailer collision and concern liability for Flavio's death and the property damage to both tractor-trailers. The lawsuits arise from the same facts, and the claims for personal injury and property damage are significant and logically related. Separate trials of these claims and issues would involve a substantial duplication of effort and time by the parties and courts, and separate trials of these claims could lead to conflicting determinations on these matters. *See White*, 788 S.W.2d at 178; *see also In re Second St. Props. LLC*, 2016 WL 7436649, at *4.

We note that the Texas Supreme Court's decision in *J.B. Hunt Transport, Inc.* involved substantially similar facts. *See* 492 S.W.3d 287. In that case, a J.B. Hunt tractor-trailer traveling on I–10 in Waller County struck a disabled vehicle in the tractor-trailer's

16

lane. *Id.* at 289. The vehicle's occupants suffered personal injuries and one ultimately died. *Id.* J.B. Hunt sued the occupants in Waller County to recover for its property damages. *Id.* Ten days later, the occupants of the disabled vehicle sued J.B. Hunt in Dallas County to recover for their personal injuries. *Id.* J.B. Hunt filed a plea in abatement in the Dallas County court on grounds that the Waller County court had dominant jurisdiction. *Id.* The occupants of the car claimed, and the Dallas County court agreed, that exceptions to the first-filed rule applied and the Dallas County court had dominant jurisdiction. *Id.* The Texas Supreme Court disagreed and held that the Waller County court had dominant jurisdiction, and the Dallas County court should have granted the plea in abatement. *Id.*

Based on the foregoing, we conclude that there is an inherent interrelationship between the two lawsuits. *See id.* at 293; *Wyatt*, 760 S.W.2d at 247.

## C. Venue

As stated previously, venue must be proper in McCulloch County in order for dominant jurisdiction to apply. See *In re Red Dot Bldg. Sys., Inc.*, 504 S.W.3d at 322; *In re J.B. Hunt Transp., Inc.*, 492 S.W.3d at 294. In its McCulloch County petition, Clear Diamond asserted that:

> Venue is proper in McCulloch County, Texas because it is the county of the principal office of [Lonesome Dove] at the time [real parties'] causes of action accrued. TEX. CIV. PRAC. & REM. CODE ANN. [§] 15.002(a)(3). Venue is proper as to all other Defendants because "[i]n a suit in which the plaintiff has established proper venue against a defendant, the court also has venue of all defendants in all claims or actions arising out of the same transaction, occurrence, or series of transactions or occurrences." *Id.* § 15.005.

17

The real parties do not dispute that Lonesome Dove is a defendant in the McCulloch County lawsuit or that Lonesome Dove's principal office is in McCulloch County.

Real parties assert that venue is not proper in McCulloch County because, inter alia, the issue of venue is "currently pending" before the Third Court of Appeals, and as "established" by their brief in that matter and as argued in this proceeding, "Clear Diamond's claim against Lonesome Dove (which provides the only basis for jurisdiction in McCulloch County) is a sham," and, "[a]s a matter of law, Clear Diamond cannot sue its own foreman for liability resulting from the negligent dispatch of its own driver; nor does it have a basis to sue a company owned by the foreman's wife."[6] The record before this Court is devoid of any evidence supporting the real parties' allegations, and since this matter was briefed in this Court, the Austin Court of Appeals has affirmed the McCulloch County trial court's ruling that venue is proper in McCulloch County. *See Clear Diamond, Inc. & Kyle Wartenbee v. Rebeca Zapata, Individually & as Representative of the Estate of Flavio Zapata*, No. 03-20-00057-CV, 2021 WL 3572725, at *8 (Tex. App.—Austin Aug. 13, 2021, no pet. h.) (mem. op.) (affirming the trial court's order denying Clear Diamond and Wartenbee's motion for dismissal of a motion for sanctions under the Texas Citizens Participation Act (TCPA) and affirming the trial court's order denying motions to transfer venue filed by Rebeca, Estela, and Sergio). Given that Lonesome Dove's principal office is in McCulloch County, we conclude that McCulloch County is a county of proper venue as it pertains to the dominant jurisdiction analysis.

---

[6] We express no opinion regarding the real parties' assessment of the legal effect of Clear Diamond's lawsuit against Lonesome Dove, and reference it here only as an argument made by the real parties regarding dominant jurisdiction.

**D.   Summary**

We conclude that the trial court abused its discretion by refusing to abate the second-filed Hidalgo County suit because it is inherently interrelated to the first-filed McCulloch County suit. Accordingly, we sustain Clear Diamond's first issue.

In its second issue, Clear Diamond asserts that this error is subject to review by petition for writ of mandamus. We agree. A relator need not establish that that there is an inadequate remedy by appeal regarding a plea in abatement in a case involving dominant jurisdiction and instead need only establish that the trial court abused its discretion to demonstrate entitlement to mandamus relief. *In re J.B. Hunt Transp., Inc.*, 492 S.W.3d at 298–300; *see also In re Red Dot Bldg. Sys., Inc.*, 504 S.W.3d at 322. We agree with Clear Diamond that it lacks an adequate remedy by appeal, and thus sustain its second issue.

## V.   CONCLUSION

Because the McCulloch County and Hidalgo County suits are inherently interrelated, and venue is proper in either county, the court in which suit was first filed, McCulloch County, acquired dominant jurisdiction. *See In re Red Dot Bldg. Sys., Inc.*, 504 S.W.3d at 322; *In re J.B. Hunt Transp., Inc.*, 492 S.W.3d at 294. Therefore, the trial court erred in failing to grant the motion to abate the Hidalgo County case. Having reached this conclusion, we need not address Clear Diamond's two remaining issues pertaining to venue. *See* TEX. R. APP. P. 47.1; *id.* R. 47.4; *see also In re PlainsCapital Bank*, No. 13-17-00021-CV, 2018 WL 2979836, at *15 (Tex. App.—Corpus Christi–Edinburg June 8, 2018, orig. proceeding) (mem. op.).

19

Thus, the Court, having examined and fully considered the petition for writ of mandamus, the response, the additional briefing provided by the parties, and the applicable law, is of the opinion that Clear Diamond has met its burden to obtain relief. Accordingly, we lift the stay previously imposed in this case. *See* TEX. R. APP. P. 52.10(b) ("Unless vacated or modified, an order granting temporary relief is effective until the case is finally decided."). We conditionally grant the petition for writ of mandamus and direct the trial court to vacate its order denying Clear Diamond's plea in abatement and to issue an order granting that plea. Our writ will issue only in the event that the trial court fails to do so.

GINA M. BENAVIDES
Justice

Delivered and filed on the
31st day of August, 2021.